Mary Jane HOWARD, Appellant,

v.

Claude C. REECK, Jr., Appellee.

No. 2–282A59.

Court of Appeals of Indiana,
Second District.

Sept. 21, 1982.

Section 1(a)(2) refers to IC 31–6–4–1(a)(2): "A child commits a delinquent act if, before his eighteenth birthday, he: (2) leaves home without reasonable cause and without permission of his parent, guardian, or custodian who requests his return[.]"

Molly P. Rucker, Kurt A. Young, Indianapolis, for appellant.

Peter G. Tamulonis, A. Thomas Cobb, Kightlinger, Young, Gray & De Trude, Indianapolis, for appellee.

SHIELDS, Judge.

Mary Jane Howard appeals the trial court's judgment on her petition to modify child support. The sole issue on appeal is whether the trial court abused its discretion in:

(1) not finding equitation expenses were necessary and reasonable for inclusion within an allowance for child support and/or educational allowance;

(2) ordering Father to pay one-half of the private school expense for one of the parties' children;

(3) raising the child support to $900 per month;

(4) failing to examine one of the parties' children;

(5) failing to order an automatic cost of living increment; and

(6) failing to allow her attorney fees.

On appeal, a modification of a support order pursuant to IC 31–1–11.5–17 (Burns Code Ed., Repl. 1980) is reviewable only for abuse of discretion. *Macauley v. Funk,* (1977) 172 Ind.App. 66, 359 N.E.2d 611. I.C. 31–1–11.5–17 provides that while orders for child support may be modified, "[s]uch modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." When the trial court determines that substantial and continuing changes in the circumstances of the parties has occurred so as to warrant a change in the order, the amount of the award is within the sound discretion of the court. *Jahn v. Jahn,* (1979) Ind.App., 385 N.E.2d 488.

"When confronted with such a petition to modify, the trial court must consider the totality of the circumstances involved in order to ascertain whether the modification is warranted." *Jahn,* 385 N.E.2d at 491–492.

I.C. 31–1–11.5–12 spells out the most obvious factors and circumstances which courts must consider in making an award of child support:

"(1) The financial resources of the custodial parent;

"(2) Standard of living the child would have enjoyed had the marriage not been dissolved;

"(3) Physical or mental condition of the child and his educational needs; and

"(4) Financial resources and needs of the noncustodial parent."

It is only where the result reached is clearly against the logic and effects of the circumstances before the court that an abuse of discretion will be found. *In re Marriage of Osborne,* (1977) Ind.App., 369 N.E.2d 653, tr. denied.

With this standard before us, we turn to Wife's assertions of error.

I

Wife first attacks the trial court's finding that:

"... petitioner has failed to sustain her burden of proving that the costs of sustaining the expenses of the horse and

riding and showing of said horse by the child Stephanie comes under the amount reasonable for the child support and therefore makes no order as to the non-custodial parent in regard to the expenses of the horse."

In essence, Wife claims the trial court's finding is an abuse of its discretion because the uncontroverted evidence is that the equitation expense is a necessary and reasonable amount to be expended not only for the support of the child but also for educational expenses.

■ We dispose of the educational expense argument as a basis for a modification separate and apart from support by observing the statute cited by Wife, I.C. 31–1–11.5–12, includes educational expenses as an element of support as opposed to a separate and distinct award or allowance.

We next consider whether the trial court abused its discretion in excluding the equitation expenses as a consideration in determining a reasonable amount for child support.

■ Wife supports her argument by citing testimony at trial that the child had exceptional ability, the advantages of a national championship if one were to engage in training, breeding, and raising horses as a profession, and Father's testimony that his child's interest in horses is something she should pursue, that it is worth the expenditure, and that he has no objection to making a contribution.

■ Neither the "fact" that the child has "exceptional ability" in equitation, nor that her training would benefit her by preparing her for the opportunity to win a championship which could benefit her career pursuit should she become a professional horsewoman is determinative. Many avocations can undoubtedly be beneficial to certain career pursuits. While equitation training is undoubtedly preferably commenced at a tender age and by one with talent, the tender age renders the career benefit quite speculative. More simply stated, the fact that a child has both talent for and an interest in an avocation which could eventu-

ally benefit career pursuits does not require the expense for that avocation be included as an element of reasonable support.

As to Father's testimony cited by Mother, our obligation is to construe the evidence in favor of the trial court's judgment. So construed, it is clear Father had been willing to contribute to the equitational expenses on a voluntary basis up to the amount of $4,000 before the expense of the daughter attending Brebeuf was sought by Mother, and to the extent that expense was incurred his willingness to contribute voluntarily to the equitational expenses decreased. This testimony falls short of Mother's contention that both Mother and Father agreed the equitational expenses were reasonable, necessary, and desirable and that such agreement was binding on the trial court.

In summary, we must conclude, while an allowance for an avocation within child support might constitute an abuse of discretion where there is a lack of financial resources, the converse is not necessarily true. The existence of funds to support an avocation does not as a matter of law *require* the funds be so expended even when the participant has ability and the avocation potentially has career benefit. Further, we do not "second guess" the trial court's determination that were Mother and Father still married to one another they would not have necessarily incurred this expense on behalf of their daughter. The availability of funds is but a consideration in determining what expenditures are in the *family's* best economic interest. Discretion remains with the trial court as to necessity and reasonableness. We find the trial court did not abuse its discretion in excluding the expenses of equitation ($13,347 for the initial year) in determining a reasonable amount of support for the parties' daughter.

II

Wife argues the trial court abused its discretion in ordering Father to pay one-half of the cost of the private school education when Father's income is 72% of the parties' total income. She contends an ap-

portionment based upon the respective percentages of the total income is a logical and reasonable method of division of expenses.

■ We do not disagree that percentage of income is an appropriate consideration, but it is only a consideration. It is not exclusively determinative. The statute speaks in the broader concept of financial resources which is more comprehensive than income alone. We are not aware of any authority for Wife's unsupported position that a trial court abuses its discretion if it fails to allocate expense items allowable as child support on a percentage basis.

### III

■ Next, Wife contends the trial court erred in raising the child support from $300 per month per child ordered March 10, 1978 to $450 per month per child. Particularly, she argues the amount is unreasonable considering her testimony that the actual expenses for the children were $1,994.41 per month, which she contends is a fair evaluation in comparison to the Marion County guidelines for child support, and that Father's income has increased by 240% since the last modification. In essence, Wife asks us to reweigh the evidence. This we will not do. We presume the trial court considered all the statutory factors in determining support which in fact included not only support in a total amount of $900 per month but also one-half of Stephanie's expenses at Brebeuf, an increase in support of 50% excluding the Brebeuf expense. Mother assumes the trial court was bound to accept the figures which she has compiled and apply formulae and ratios she deems appropriate. Yet, it was for the trial court to judge credibility, weigh evidence, and reach a result based upon the totality of the circumstances, not merely those which Mother presents. Mother does not argue the trial court failed to consider certain factors, but merely that it attributed less weight, sufficiency, and credibility to the evidence of Mother than she would have liked.

### IV

■ Contrary to Mother's argument, the failure of the trial court to examine Stephanie as to her ability, aptitude, and attitude toward her equitation training is not an abuse of discretion. Stephanie's statement, at most, would have been cumulative of the evidence presented on those points from the witness stand.

### V

■ Mother further claims the trial court abused its discretion in failing to order an automatic cost of living increment, citing *Branstad v. Branstad,* (1980) Ind.App., 400 N.E.2d 167. We disagree. *Branstad* allows the use of the Consumer Price Index to effect an adjustment in the amount of support but it does not mandate its use. That decision rests within the trial court's sound discretion.

### VI

■ The final alleged error centers on the trial court's denial of attorney fees for Mother. The allowance of attorney fees in dissolution of marriage proceedings is governed by I.C. 31–1–11.5–16 (Burns Code Ed., Repl. 1980) which states, in part, "The court *may* from time to time order a party to pay ... for attorney's fees ..." (emphasis added). It is up to the trial court to award such fees in its discretion. The trial court can consider the resources of one or both parties. The fact the requesting party has assets to pay the fees does not bar an award of attorney fees. However, a trial court is not forced to award attorney fees just because they are requested and the other party has the means to pay them. *Svetich v. Svetich,* (1981) Ind.App., 425 N.E.2d 191. No abuse of discretion occurred in the trial court's denial of an award of attorney fees.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.