**Paul T. GISELBACH, Appellant,**

v.

**Brenda L. GISELBACH, Appellee.**

**No. 2–983–A–344.**

Court of Appeals of Indiana,
Second District.

July 29, 1985.

Edward B. Alley, Elwood, Ind., David W. Stone, Anderson, Ind., for appellant.

Philip Greene Decker, II, Anderson, Ind., for appellee.

SULLIVAN, Judge.

Paul T. Giselbach (Father) appeals the trial court's order which requires him to pay the college expenses of his son.

For the sake of clarity, Father's eight issues have been restated as follows:

(1) Whether the order was an improper, retroactive modification of the Father's support obligations, and an impermissible infringement upon his authority as custodial parent.

(2) Whether the order was improperly based upon *ex parte* evidence produced by Brenda Giselbach (Mother).

(3) Whether the trial judge's failure to order the appearance of the son constituted reversible error.

The parties were divorced on February 14, 1976, and although custody of the three minor children was awarded to Mother at that time, legal custody of the children has been alternated between the parties. The divorce decree made no express provision for educational expenses for any of the parties' children. On August 26, 1982, Mother filed a petition for modification of the divorce decree, seeking among other things, to require Father to pay the educational expenses of their only son. He allegedly had been residing with Mother during the summer of 1982 prior to entering Freed Hardeman College in Tennessee; however, the son continued to be in the legal custody of his father. The judgment entered on that petition on December 27, 1982, awarded Mother some of the relief requested, but did not include an order regarding educational expenses. Neither party appealed that judgment.

On February 9, 1983, barely six weeks after the order was entered on the August petition, Mother filed a second petition for modification captioned as an "emergency" petition. In this petition, Mother alleged that she had been laid off from her job and was unable to provide for her son's education, and that the son was facing expulsion from Freed Hardeman College for failure to pay the first year expenses and tuition. Mother requested that Father be held financially responsible for the son's future expenses at Freed Hardeman as well as for overdue expenses accrued since August, 1982. A hearing on the February petition was held on March 28, 1983. At the close of that hearing, the trial court directed Mother to provide detailed financial information concerning the cost of attending Freed Hardeman College. The court then took the matter under advisement, pending receipt of the financial information. On April 21, 1983, the court entered its order directing Father to pay $1,118.93 for tuition and related school expenses accrued through March 15, 1983. The order also contains language which implies that Father is responsible for all future educational expenses.[1]

---

1. The order recited that following payment of the amount for expenses through March 15,

Father presents a two-pronged argument in support of his contention that the order directing him to pay for his son's college education was invalid. He argues that only the legal custodian may determine the nature of a child's education, and asserts the Mother's petition for modification was granted in contravention of I.C. 31–1–11.5–12,[2] which requires that a trial court make certain factual determinations prior to entering an order of support. Father also contends the trial court's order was an improper retroactive order of support.

■ We note initially that support orders for minor children are subject to the continuing jurisdiction of the dissolution court and may be modified to provide for changing needs. Modification of a support order, pursuant to I.C. 31–1–11.5–17, involves a factual determination that substantial and continuing, changed circumstances render the existing terms unreasonable. *See Howard v. Reeck* (1982) 2d Dist., Ind.App., 439 N.E.2d 727. This type of factual determination is committed to the discretion of the trial judge and is reviewable on appeal only for abuse of discretion. *In re Marriage of Wiley* (1983) 2d Dist., Ind.App., 444 N.E.2d 315, 317.

■ Father first argues that Mother's petition for modification was erroneously granted inasmuch as the parent with legal custody of the child has exclusive authority to determine whether, and to what extent to provide the child with a college education. Father has couched this argument in terms of Mother's standing to seek the modification. He asserts that Mother, the non-custodial parent, does not possess a legally cognizable interest in the outcome of this controversy and is therefore not the proper party to request a modification. We disagree.

■ While it is true that a grant of legal custody pursuant to I.C. 31–1–11.5–21[3] carries with it the inherent, primary authority to make decisions concerning the child's upbringing, that authority is not absolute. *See e.g., Lord v. Lord* (1982) 4th Dist., Ind.App., 443 N.E.2d 847, 849 ("the non-custodial party must have some residual authority over discipline and health care when he or she has immediate physical control over the child"). With respect to educational matters, if the parties cannot resolve a dispute, I.C. 31–1–11.5–12 empowers the court to determine whether the parent or parents will be required to provide a college education and to allocate the costs of such education between the parents. The section provides in part:

"(b) Such child support order may also include, where appropriate:

(1) Sums for the child's education in elementary and secondary schools and at institutions of higher learning, taking into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses[.]"

Thus even though there may be no absolute legal duty to provide a college education for a minor child, (*Haag v. Haag* (1959) 240 Ind. 291, 163 N.E.2d 243) an educational allowance may be included as an element of support. *Howard v. Reeck, supra,* 439 N.E.2d 727.

■ The cost of educating a child at an institution of higher learning is one of the many factors which may be considered in assessing the amount of support needed to adequately provide for a child's education and that amount may be required even beyond the age of majority. I.C. 31–1–11.5–12; *Howard v. Reeck, supra.* Thus the trial judge has considerable latitude in tai-

1983, the Father would not bear any additional expenses "until the fall or summer semester tuition expenses are incurred." Record at 105.

**2.** Burns Code Ed.Supp.1984.

**3.** Burns Code Ed.Supp.1984:
"(b) Except as otherwise agreed by the parties in writing at the time of the custody order, the custodian may determine the child's upbringing, including his education, health care, and religious training, unless the court finds, after motion by a noncustodial parent, that in the absence of a specific limitation of the custodian's authority, the child's physical health would be endangered or his emotional development significantly impaired."

loring a support order to the needs of the child in question.

The statute clearly contemplates, however, that the trial court, upon proper petition by a party, will conduct a comprehensive analysis of the factors enumerated in I.C. 31–1–11.5–12, *prior* to rendering its order directing payment of college expenses. This determination necessarily occurs after the filing of the petition for modification, although the court has discretion to make the support order effective as of the date of the filing of the petition or any date thereafter. *Holman v. Holman* (1985) 3d Dist., Ind.App., 472 N.E.2d 1279; *Kruse v. Kruse* (1984) 3d Dist., Ind.App., 464 N.E.2d 934; *In re Marriage of Wiley, supra,* 444 N.E.2d 315.

■ There is no indication that the trial court herein conducted the appropriate inquiry into the child's aptitude for the requested education or into the parents' ability to finance such education.[4] Thus we conclude that the trial court's order is unsupported by the record.

■ In addition, we agree with Father's contention that the trial court's order constituted a retroactive modification of a support obligation. An order for support may only provide prospective relief and may not be retroactively annulled or modified. *Whitman v. Whitman* (1980) 2d Dist., Ind.App., 405 N.E.2d 608. This is to insure that "the best interest of the child will remain the paramount concern in a support determination." *Whitman, supra* at 611. The support order involved herein is directed at educational expenses, most of which accrued prior to the filing of the Mother's petition on February 9, 1983. This order of the trial judge is in error insofar as it attempts to impose a support obligation retroactively. *See Whitman, supra; Jahn v. Jahn* (1979) 1st Dist., 179 Ind.App. 368, 385 N.E.2d 488. The language in the order which can be interpret-

ed as requiring the Father to pay future educational expenses as they arise is also erroneous because the trial judge failed to determine that the best interests of the child necessitated a college education or that Freed Hardeman College was the appropriate institution. A myriad of factors must be examined to arrive at such a determination, including the parties' resources and the child's aptitude for such an education. *See Lipner v. Lipner* (1971) 256 Ind. 151, 267 N.E.2d 393; *Dorman v. Dorman* (1968) 251 Ind. 272, 241 N.E.2d 50.

By not insuring, in advance, that the Father was legally obligated to pay for the child's education, the Mother ran the risk of an adverse decision. Her subsequent inability to meet the obligation may not be held to cast that legal responsibility upon the Father. Both of the Mother's petitions are primarily concerned with the first year's expenses at Freed Hardeman. The captioning of the second petition as "emergency" may not circumvent the prior, adverse judgment rendered December 27, 1982, from which she failed to appeal.

The trial court's support order requiring the Father to bear all educational expenses incurred at Freed Hardeman College is hereby reversed. Because of our disposition of this issue, we need not address the remaining contentions.

GARRARD, J. (participating by designation) and SHIELDS, J., concur.

---

**4.** In place of a transcript of the hearing on the Mother's petition, we have been provided with the petitioner's statement of the evidence. The statement shows that the parties' son did not appear at the hearing and that the trial court's order was based solely upon Mother's testimony that she was unable to pay for her son's education and that the son was facing expulsion from Freed Hardeman College for failure to pay expenses.