**Jo Ann OVERMAN,
Petitioner-Appellant,**

**v.**

**Daniel N. OVERMAN,
Respondent-Appellee.**

**No. 79A02–8603–CV–83.**

Court of Appeals of Indiana,
First District [1].

Sept. 25, 1986.

Rehearing Denied Oct. 31, 1986.

Jeffery L. Helmerick, Smith Helmerick & Smith, Lafayette, for petitioner-appellant.

E. Kent Moore, Cooke Bache Moore Laszynski & Yeager, Lafayette, for respondent-appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Jo Ann Overman appeals the trial court's order concerning visitation. We reverse.

### FACTS

On October 18, 1977, a dissolution of marriage was ordered wherein Jo Ann (mother) obtained custody of the minor child, Zachary, who was born on May 9, 1976. Daniel (father) was awarded visitation rights. After the divorce, Jo Ann remarried and joined a Catholic church. Zachary began attending Catholic catechism pursuant to his mother's wishes.

1. This case was diverted from the Second District by order of the Chief Judge.

Zachary attended catechism at the church where his mother and her current husband attend. Those classes are on Saturday mornings from 10:00 A.M. to 11:30 A.M. Since September of 1985, Zachary's father had been picking him up from catechism classes on Saturdays at 11:30 A.M. on Daniel's visitation weekends. Zachary had to be returned to his mother by Sunday evening.

Jo Ann and Daniel stipulated to expand Daniel's visitation so that Daniel could pick up Zachary on Friday evening. However, they disputed whether Daniel would have to take the child to catechism on Saturday mornings. Daniel claimed that such a responsibility would be unfair to him since he lived relatively far from the church. Jo Ann claimed that since she has the right to choose the child's religious instruction, Zachary should still go to catechism even if it inconvenienced the boy's father. Both parties submitted evidence on available alternatives. On February 19, 1986, the trial court ordered that Daniel was not required to take Zachary to catechism. Additional facts will appear as necessary in our discussion of the issue.

### ISSUE

Did the trial court abuse its discretion when it determined that the non-custodial father was not responsible for taking the minor child to catechism classes which were held during the time of the father's visitation?

### DISCUSSION AND DECISION

■ Under Indiana Code section 31–1–11.5–21(b), the custodial parent "may determine the child's upbringing, including his education, health care, and religious training...." The custodial parent's right to determine the child's religious training can be limited only upon motion of the non-custodial parent demonstrating that the child's physical health or emotional development would be significantly impaired unless the custodial parent's rights were limited. *Id.* The non-custodial parent must not impose his or her religious views on the child.

*Swartzel v. Swartzel* (1986), Ind.App., 492 N.E.2d 71, 73. So long as the non-custodial parent's visitation rights are not unreasonably interfered with, the custodial parent's right to choose religious training should be paramount. *Accord Swartzel.*

■ In the case under consideration, Zachary was attending catechism classes at St. Mary's, his mother's and step-father's church. St. Mary's did not want its children to attend catechism at any other Catholic church since their instruction might be unacceptable to St. Mary's. St. Mary's only offered catechism on Saturday mornings so that weekday classes were impossible. Even so, catechism classes at other churches during weekdays were not feasible due to the time Zachary got home from school.

We hold that the trial court abused its discretion when it ordered that Daniel was not responsible for transporting Zachary to catechism at St. Mary's on Saturday mornings. Although transporting the boy to catechism on Saturday mornings does interfere with the father's visitation rights, it is not an unreasonable interference. Catechism lasts only 1½ hours. The time it takes to drive to St. Mary's is certainly not wasted since Daniel and Zachary can talk the whole time. Daniel also has much more time with his son since he picks him up on Friday instead of Saturday noon. This court cannot fathom how a non-custodial parent can complain of sacrificing some of his time when he has more total time with his child. Also, Daniel cannot complain about the drive from his house to St. Mary's since he freely chose to pick up Zachary on Fridays in lieu of Saturdays. He brought on any inconvenience himself.

The judgment of the trial court is reversed.

ROBERTSON, P.J., and NEAL, J., concur.