Lilia PERIQUET-FEBRES,
Appellant-Petitioner,

v.

Eleodoro J. FEBRES, Appellee-
Respondent.

No. 71A03-9505-CV-146.

Court of Appeals of Indiana.

Dec. 14, 1995.

Transfer Denied March 11, 1996.

---

Aladean M. Derose, South Bend, for Appellant.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for Appellee.

**OPINION**

STATON, Judge.

Lilia Periquet–Febres ("Lilia") appeals the denial of her Motion to Modify Decree of Dissolution. She presents three issues for our review which we restate as follows:

I. Whether the trial court erred in awarding the parties joint legal custody of their daughter.

II. Whether the trial court erred in not including the cost of their child's music lessons in the child support order.

III. Whether the trial court erred by not ordering the husband to adjust his visitation to accommodate their child's music recitals, dress rehearsals, and music training sessions.

Eleodoro Febres ("Eleodoro") presents on cross-appeal the issue of whether the trial court erred in awarding sole physical custody of their child to Lilia. In addition, he asks this court to award him damages as sanctions against Lilia pursuant to Ind.Appellate Rule 15(G).

We affirm.

The facts most favorable to the judgment indicate that the parties were married on

April 19, 1985. One child, Eleana, was born to the parties on August 27, 1985. On April 9, 1990, Lilia initiated dissolution proceedings. After a lengthy hearing covering three days, the trial court entered its order of dissolution on August 18, 1994. The order awarded the parties joint legal custody of Eleana, but gave Lilia sole physical custody. The order also established a visitation schedule for Eleodoro and ordered him to pay child support in the amount of $113 per week. Lilia timely filed her Motion to Modify Decree of Dissolution pursuant to Ind.Trial Rule 59 on September 19, 1994, which the trial court denied on January 5, 1995, after a hearing on the matter.

## I.

### *Joint Custody*

■ Lilia contends that the trial court erred in awarding the parties joint custody of Eleana because the parties are not able to cooperate in making decisions concerning their daughter.[1] With respect to custody determinations, we presume the trial court reached the correct result, and we review its decision only for abuse of discretion. This means we will disturb the trial court's order only if it is clearly against the logic and effect of the facts and circumstances before the trial court. *In re Marriage of Saunders* (1986), Ind.App., 496 N.E.2d 419, 421. In reviewing the trial court's order, we will not reweigh the evidence, judge the credibility of the witnesses, or substitute our judgment for that of the trial court. *Walker v. Walker* (1989), Ind.App., 539 N.E.2d 509, 510. Conflicting evidence alone will not constitute an abuse of discretion. *Wright v. Wright* (1984), Ind.App., 471 N.E.2d 1240, 1245, *trans. denied.* When the evidence concerning custody is conflicting, this court will not reverse the decision of the trial court. *Id.* at 1242–43.

■ Orders of joint custody will not be reversed unless the court is attempting to impose an intolerable situation upon the parties. *Walker, supra,* at 512. If the parties demonstrate a willingness and ability to communicate concerning the child, then joint custody is appropriate even against the wishes of one parent. *McGinley–Ellis v. Ellis* (1993), Ind.App., 622 N.E.2d 213, 223, *vacated in part on other grounds,* 638 N.E.2d 1249. However, if the parties have made child-rearing a battleground, then joint custody is not appropriate. *Aylward v. Aylward* (1992), Ind.App., 592 N.E.2d 1247, 1252.

■ Lilia contends that the trial court abused its discretion because the record showed that the parties were unable to communicate or cooperate concerning their daughter's well-being. Each party, however, testified that he attempts to communicate and work with the other regarding Eleana's needs. In addition, there is evidence in the record from other witnesses stating that both parties are fit parents and place the well-being of their daughter first. Therefore, the evidence is conflicting concerning the parties' ability to cooperate and communicate concerning their daughter. It is the trial court's duty to weigh all of the evidence and determine what custody arrangement is proper. As noted above, we will not reweigh the evidence or substitute our judgment for that of the trial court.

It is logical that the trial court could determine from the evidence that the parties were willing and able to make joint custody succeed. Therefore, we conclude that the trial court did not abuse its discretion in ordering joint custody.

## II.

### *Child Support*

■ Lilia next argues that the trial court erred in not including the cost of Eleana's

1. Lilia also contends that the trial court erred as a matter of law by awarding joint custody over her objections. She argues that when one parent has a rationally based objection to joint custody, the trial court lacks power to order joint custody. However, this court has previously affirmed orders of joint custody over the objections of one of the parents. *Walker v. Walker* (1989), Ind.App., 539 N.E.2d 509; *McGinley–Ellis v. Ellis* (1993),

Ind.App., 622 N.E.2d 213, *vacated in part on other grounds,* 638 N.E.2d 1249. In *Walker,* the court noted that if the couple could agree as to the custody arrangement, there would be no dispute for the court to resolve. Therefore the statute was obviously applicable to situations where the parties contested custody. *Walker, supra,* at 513, n. 1.

music lessons in the child support order. Trial court determinations of support obligations have traditionally been reviewed under an abuse of discretion standard. *Carr v. Carr* (1992), Ind., 600 N.E.2d 943, 945. However, this standard was modified by the enactment of the Indiana Child Support Guidelines. Now, a trial court's support order will be disturbed only when it is clearly erroneous. *Id.*

■■■ Whether or not to order the payment of extraordinary educational expenses is left to the discretion of the trial court. *Id.* Such orders are reviewable under an abuse of discretion standard. *Id.* We will affirm the decision unless it is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* An order requiring the payment of educational expenses for an avocation is an abuse of discretion when the financial resources are lacking. *Howard v. Reeck* (1982), Ind.App., 439 N.E.2d 727, 730. However, the converse is not true. The trial court is not required to order the payment of those costs simply because the resources are available. *Id.* The decision still rests within the discretion of the trial court. *Id.* This is true even when the child has been identified as having an exceptional ability for the avocation or the training could benefit a future career. *Id.*

■■■ Eleana's music teacher testified that she was an extremely gifted musician. However, the music lessons are an avocation. Even though the training may help Eleana in a future career, the trial court is not required to order Eleodoro to pay a portion of those costs. Therefore, the trial court did not abuse its discretion in failing to enter such an order in this case.

### III.

#### *Visitation*

■■■ Lilia next argues that the trial court erred in not ordering Eleodoro to adjust his visitation to accommodate Eleana's music activities.[2] A trial court has wide dis-

cretion in determining custody or visitation rights in a dissolution action. The Court of Appeals will reverse only if a manifest abuse of discretion is demonstrated. *Beeson v. Beeson* (1989), Ind.App., 538 N.E.2d 293, 299.

■■■ Lilia argues that the court erred because the standard for determining whether Eleodoro can be required to transport Eleana to these events is whether it would unreasonably interfere with his visitation and whether it would be in Eleana's best interest. However, the cases which apply this standard concern requiring a non-custodial parent to transport a child to religious events during visitation. *See Johnson v. Nation* (1993), Ind.App., 615 N.E.2d 141; *In Re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641, *reh. denied; Overman v. Overman* (1986), Ind.App., 497 N.E.2d 618, *trans. denied.* That standard is based on the balance between the custodial parent's right to determine religious upbringing and interference with the non-custodial parent's right to visitation. *Davidson, supra,* at 650. The custodial parent's right to direct religious upbringing is paramount. *Id.* So long as the interferences are reasonable, the non-custodial parent can be required to transport the child to religious events. *Id.* However, when the interferences are unreasonable or when the custodial parent is using religion to interfere with the non-custodial parent's visitation, the court will not alter the visitation schedule. *Johnson, supra,* at 149.

■■■ We are not convinced that music lessons, even for a child as gifted as Eleana, rise to the same level as religious upbringing. Therefore, they do not outweigh the father's right to reasonable visitation with his daughter.

■■■ However, even if we were to apply these cases to the case before us, we cannot say that the trial court abused its discretion. Eleodoro testified that Lilia did not give him enough advance notice of the various music events, would not tell him where the events were being held, and purposely scheduled

---

2. Eleodoro argues that Lilia waived this argument because she failed to cite any authority for her argument as required by Ind.Appellate Rule 8.3(A)(7). *See, Keller v. State* (1990), Ind., 549

N.E.2d 372, 373. However, we conclude that Lilia does provide the court with some authority and a cogent argument which we will address. *Id.*

them during his visitation time. Therefore, there was evidence in the record from which the trial court could find that the interferences were unreasonable or being used to interfere with Eleodoro's visitation. As noted above, we will not judge the credibility of the witnesses or substitute our judgment for that of the trial court. *Walker, supra,* at 510. Since there has been no showing of manifest abuse of discretion, we conclude that the trial court did not err in failing to require Eleodoro to be more flexible in his visitation schedule.

### IV.

#### *Cross–Appeal*

■ In his cross-appeal, Eleodoro contends that the trial court erred in awarding sole physical custody of Eleana to Lilia.[3] As noted above, a trial court's decision concerning custody will only be disturbed if it is clearly against the logic and effect of the facts and circumstances before the trial court. *Saunders, supra,* at 421. We will not reweigh the evidence, judge the credibility of the witnesses, or substitute our judgment for that of the trial court. *Walker, supra,* at 510.

Eleodoro argues that the only evidence before the court concerning physical custody of Eleana was the expert testimony of a psychologist who determined that it would be in Eleana's best interest for both parents to share physical custody. Therefore, he contends, it is against the logic and effects of the facts before the court to award sole physical custody to Lilia.

■ A finder of fact is not required to accept the opinions of an expert simply because he is an expert. *Strong v. State* (1989), Ind., 538 N.E.2d 924, 931 (quoting *Noblesville Casting Div. of TRW v. Prince* (1982), Ind., 438 N.E.2d 722, 729). Instead, the finder of fact must weigh the expert's opinion against the other evidence and make its own determination as to the evidence. *Id.*[4]

■ Even though the psychologist was the only to one to discuss custody specifically, there was ample evidence before the trial court concerning Eleana's interaction with her parents and her satisfaction and comfort with her current living arrangements. The trial court was free to reject the testimony of the psychologist as to what custody arrangement was in Eleana's best interest and to make its own determination based upon all of the evidence before it. Because the trial court had evidence from which it could logically conclude that it was in Eleana's best interest for her mother to retain sole physical custody, we conclude that the trial court did not abuse its discretion.

### V.

#### *Damages*

■ Eleodoro asks this court for an award of damages against Lilia under App.R. 15(G) for an appeal taken in bad faith. We may not impose punitive sanctions to punish lack of merit unless an appellant's contentions and arguments are utterly devoid of all plausibility. *Orr v. Turco Mfg. Co., Inc.* (1987), Ind., 512 N.E.2d 151, 153. When determining whether or not to impose sanctions against an appellant, this court must use great discretion so as not to discourage future appeals. *Id.* at 152. Punitive sanctions should not be imposed unless there are indications of bad faith, harassment, or purpose of delay. *Id.* Bad faith is shown by a

---

**3.** Lilia argues in her reply brief that this issue was waived because Eleodoro did not raise it in his statement in opposition to her motion to modify. Ind.Trial Rule 59(E) permits a party to file a statement in opposition to a motion to correct error but does not require such a motion. The statement in opposition may defend against the motion to correct error or may raise other grounds for relief. *Id.* In addition, Ind.Trial Rule 59(G) allows the opposing party to raise cross-errors in its appellate brief without having filed a statement in opposition. There is nothing in the rule requiring a party who decides to file a motion in opposition to include all grounds for relief, rather the rule only states that the party *may* include other grounds for relief. Because the language of the rule is permissive rather than mandatory, we conclude that Eleodoro did not waive this issue by failing to raise it in his statement in opposition.

**4.** *See also, Hunsberger v. Hunsberger* (1995), Ind. App., 653 N.E.2d 118, *reh. denied* (No abuse of discretion in rejecting expert's opinion when other evidence supported the court's determination).

disregard of the form and content requirements of the Appellate Rules, omission and misstatement of facts, and a brief written " 'in a manner calculated to require the maximum expenditure of time both by [appellee] and this Court.' " *Posey v. Lafayette Bank and Trust Co.* (1987), Ind., 512 N.E.2d 155, 156, *cert. denied,* 485 U.S. 988, 108 S.Ct. 1292, 99 L.Ed.2d 502 (quoting the Court of Appeals memorandum decision). Although we disagree with the characterization of the evidence and authority cited by *both* parties in this case, we conclude that it does not rise to the level of bad faith required for the award of damages under App.R. 15(G). Therefore we deny Eleodoro's request for damages.

Affirmed.

HOFFMAN, J., concurs.

CHEZEM, J., concurs in result without separate opinion.