Margaret STATZELL, Appellant
(Plaintiff Below),

v.

Stephen M. GORDON, Appellee
(Defendant Below).

No. 2–381A97.

Court of Appeals of Indiana,
Second District.

Nov. 12, 1981.

Edward V. Minczeski, Chapleau, McInerny, Minczeski & Farabaugh, South Bend, for appellant.

Richard A. Molique, Logansport, for appellee.

SULLIVAN, Judge.

Margaret Statzell (Margaret) appeals from the denial of her Petition to Establish Amount of Judgment, alleging that the denial is not supported by the evidence and is contrary to law.

We reverse.

The marriage of Margaret and Appellee Stephen Gordon (Stephen) was dissolved in the Circuit Court of Cass County, Indiana, on June 6, 1973. The parties had one son, Michael, born July 29, 1955. The decree incorporated a property settlement agreement, Article I of which provides:

"Stephen shall assume and pay all reasonable and necessary expenses incurred by the minor child of the parties, Michael, incidental to a college education at Purdue University in the form of room, board, books and tuition, so long as said minor child is engaged as a full time student in active pursuit of a degree. Such sums as are paid hereunder shall be in lieu of any support payments payable to Margaret."

Michael enrolled at Purdue University in September 1973 and continued as a full-time student through June 1977. At that time he lacked one credit towards his degree, which he later completed, and was graduated in August, 1979.

Stephen paid Michael's college expenses for approximately 1½ to 2 years. Stephen stopped payments, then, apparently because he was experiencing financial problems. Thereafter, Margaret made payments for Michael's college expenses.

In November 1975, Margaret filed an affidavit for citation against Stephen, alleging he was delinquent in payments for Michael's college expenses totalling $2685.33. The citation was dismissed January 16, 1976. Appellant's counsel conceded both in oral argument and in appellant's brief that the dismissal was most likely proper because Michael by then was emancipated, and a contempt citation was therefore an inappropriate remedy. *See: Corbridge v. Corbridge* (1952) 230 Ind. 201, 102 N.E.2d 764; *Grace v. Quigg* (1971) 150 Ind.App. 371, 276 N.E.2d 594.

Margaret continued to pay Michael's college costs, and on November 27, 1979, she filed a Petition to Establish Amount of Judgment in Cass Circuit Court, under the same Cause Number as the original decree. The Petition asked the court to determine that the amount due and owing to her from Stephen was $13,019.83. Stephen's answer, filed December 17, 1979, contended, *inter alia*, that Article I vested no rights in Margaret and did not constitute a judgment in her favor. A hearing was held on February 21, 1980, and on August 8, 1980, the court entered judgment against Margaret. In its Special Findings of Fact and Conclusions of Law the Court found that Margaret acted as a volunteer in making payments for Michael's college expenses. It also held that Article I of the Property Settlement Agreement vested no rights in Margaret and did not constitute a judgment in her favor.

Margaret argues on appeal that she paid $11,357.03 [1] for Michael's college education which Stephen was obligated to pay and that in so doing she was not a "volunteer" and is entitled to reimbursement from Stephen.

Stephen concedes that this appeal may be resolved by the determination of one issue: whether Margaret was required to file an independent complaint and achieve jurisdiction by issuance and service of summons in a separate lawsuit in order to reduce the unfulfilled order for college expenses to a judgment independent of that represented by the original decree. Stephen contends that our Supreme Court's decision in *Kuhn v. Kuhn* (1980) Ind., 402 N.E.2d 989, requires that an independent lawsuit be commenced to recover payments alleged to be owed under the Property Settlement Agreement as incorporated in the decree rather than a petition such as the one Margaret filed, which was an outgrowth of the original action.

The First District of this Court originally held in *Kuhn v. Kuhn* (1st Dist. 1977) 172 Ind.App. 665, 361 N.E.2d 919, that a judgment for arrears was necessary before a support order could be enforced. In a second appeal after remand, the First Dis-

---

1. There is no explanation offered for the difference between the amount Margaret requested in her Petition to Establish Amount of Judgment ($13,019.83) and the amount she now claims.

trict held that court ordered support installments become final judgments as they accrue, and therefore a second judgment for arrears is not necessary. *Kuhn v. Kuhn* (1st Dist. 1979) Ind.App., 389 N.E.3d 319. Margaret Statzell filed her Petition to Establish Amount of Judgment after the second appeal of *Kuhn,* but prior to the Indiana Supreme Court's consideration of the case on April 2, 1980. The Supreme Court in *Kuhn v. Kuhn* (1980) Ind., 402 N.E.2d 989, vacated the Court of Appeals' opinion, stating:

> "[W]e hold that an order for periodic payments of child support is not a final money judgment. We hold that such a money judgment does not exist until *an action* (emphasis supplied) is brought for a determination of an amount of unpaid and delinquent installments." 402 N.E.2d at 991.

The Court based its opinion in part on the statute providing for enforcement of child support orders, I.C. 31–1–11.5–13 (Burns Code Ed.Supp.1979), which provides in part:

> "(e) upon application to the court for enforcement of an order for support, the court may: (1) Enter a judgment against the person obligated to pay support . . . . "

■ We conclude that the Supreme Court in *Kuhn,* by requiring that an "action" be brought to enforce child support orders, did not mean that a new complaint, independent of the dissolution "action," must be filed. The Court held that an "action" must be brought to determine the sum of the delinquent payments; this is what Margaret was asking the Cass Circuit Court to do in her Petition. Therefore dismissal of the Petition on the ground that the Property Settlement Agreement did not constitute a judgment was error. We reverse on this ground and remand to the trial court to determine the amount for which Stephen is in arrears under Article I of the Property Settlement Agreement.

■ Because we reverse and remand and because the judgment reversed appeared to have several bases, we would observe that notwithstanding the inability of a custodial parent to enforce support orders by contempt after the child's emancipation, college expenses advanced by the custodial parent because the obligated noncustodial parent did not meet such expenses when they were incurred, may be recovered by the custodial parent even after the child's emancipation. There is a statutory exception for educational expenses to the general rule that a parent's support duty terminates at the time of emancipation. I.C. 31–1–11.5–12(d) (Burns Code Ed.Repl. 1980).[2] We also note that there is no support for the trial court's finding that Margaret acted as a "volunteer" in meeting the education expenses that Stephen was obligated to provide for under the Property Settlement Agreement. This Court has held that a custodial parent who used her own funds to meet the children's present needs was entitled to repayment from her former husband, who was legally obligated by the divorce decree to pay for the children's support. *Linton v. Linton* (2d Dist. 1975) 166 Ind.App. 409, 336 N.E.2d 687; *Pavuk v. Scheetz* (1940) 108 Ind.App. 494, 29 N.E.2d 992. Likewise we find that Margaret is entitled to reimbursement for payments she made for Michael's tuition, books, room and board which Stephen was legally obligated to make. Despite references made by Margaret to payments made to Michael for "incidental and miscellaneous expenses" and "personal allowance," she conceded during oral argument that the decree clearly limits Stephen's obligation to payment for room, board, books, and tuition. On remand, the sum of such expenditures made by Margaret should be determined and judgment entered accordingly.

Judgment reversed and the cause is remanded for further proceedings.

BUCHANAN, C. J., and SHIELDS, J., concur.

___

**2.** Such a statutory exception has existed since the provision was enacted in 1973.