Gaye O. MARTIN, Rebecca L. Martin, Appellant,

v.

Harold L. MARTIN, Appellee.

No. 1–185A20.

Court of Appeals of Indiana, First District.

Jan. 21, 1986.

Rehearing Denied March 6, 1986.

James R. Bunch, Wallace, Campbell, Bunch, Shambach & Rennick, Covington, for appellant.

John A. Rader, McCabe, McCabe & Rader, Williamsport, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Rebecca L. Martin (Rebecca) appeals the denial of the petition for college education expenses filed by Gaye O. Martin, her mother, (Mother), against her father, Harold L. Martin, (Father). We reverse and remand for further proceedings.

## FACTS

The marriage of Mother and Father was dissolved by decree entered on May 29, 1974. That decree, which was later modified, provided for child support payments. No provision for college education expenses was included in the original decree or the order of modification. Rebecca, who was born on November 24, 1961, graduated from high school in 1980 and enrolled at Northwestern University in September of that year. From her enrollment until June of 1984 she was a full time student at that university, majoring in journalism, and earned a grade point average of 3.37 on a 4.0 scale. Father continued to pay the support order for Rebecca until November 24, 1982, her twenty-first birthday, upon which date he ceased to contribute anything either for her support or education. There was never any separate order for Rebecca's educational expenses entered against Father pursuant to Indiana Code section 31–1–11.5–12(d) prior to Rebecca's twenty-first birthday.

On January 26, 1983, Mother filed an affidavit for rule to show cause and a petition to modify seeking to have Father held in contempt for failure to continue the support payments and requesting modification of the decree to defray educational expenses for Rebecca at Northwestern. The trial court dismissed both petitions on Father's motion. We reversed by memorandum decision, *Martin v. Martin* (1983), Ind. App., 454 N.E.2d 1272, and remanded for further proceedings. Subsequently, Rebecca was added as a party petitioner and the court heard both petitions.

After hearing, the trial court denied both the contempt petition and the petition for educational expenses finding that Husband's duty of support terminated upon November 24, 1982, Rebecca's twenty-first birthday. The court also determined that because no order for educational expenses existed prior to Rebecca's twenty-first birthday, no such order could be entered subsequent thereto. From this judgment, Rebecca appeals.

## ISSUE

Rebecca presents a single issue in her Appellant's brief which we have restated:[1]

May a court consider a petition for education expenses for a child subsequent to that child's twenty-first birthday when no order for educational expenses was in existence before that date?

## DISCUSSION AND DECISION

■ Prior to determining the issue before us, we dispose of Father's contention and argument in his appellee's brief that under Indiana case law, an order for a child's educational expenses ceases when the child attains the age of twenty-one. He clearly is wrong. *Thiele v. Thiele* (1985), Ind.App., 479 N.E.2d 1324. In *Thiele*, we traced the statutory and case law history of this issue, and stated "[i]t is clear under current Indiana law, a parent, in a proper case, may be compelled to provide college expenses for a child even continuing beyond the child's twenty-first birthday. Indiana Code section 31–1–11.5–12; *St. Joseph Bank & Trust Co. v. United States* (7th Cir.1983), 716 F.2d 1180." *Thiele*, at 1327.

■ It being clear, therefore, that orders for educational expenses may extend beyond the twenty-first birthday of the child involved, we turn to the precise issue before us in this case. That question is whether or not there must be an order for educational expenses in existence prior to the child's twenty-first birthday in order for such order to continue beyond that time.

Our decision in this case is controlled by the provisions of the applicable statute. Indiana Code section 31–1–11.5–12 pertaining to orders for child support, in relevant part, provides:

"(B) Such child support order may also include, where appropriate:

(1) sums for the child's education ... at institutions of higher learning, taking into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses;

\*    \*    \*    \*    \*    \*

(d) The duty to support a child under this chapter ceases when the child reaches his twenty-first birthday unless:

(1) the child is emancipated prior to his twenty-first birthday in which case the child support, except for educational needs ..., terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court; ..."

Father argues, in essence, that in order for an order for educational needs to continue in effect beyond the twenty-first birthday, such an order must have existed before. In other words, that which did not already exist cannot continue in effect. Because there was no pre-existing order specifically providing for educational needs, Father argues the trial court was without authority to modify the support order subsequent to Rebecca's twenty-first birthday to require him to pay educational expenses. The trial court agreed with this argument. We, however, reject that position.

While it is true there was no separate and distinct order for educational needs before Rebecca's twenty-first birthday, there was a support order requiring Father to pay $22.50 per week for her support. The support order encompasses educational expenses. As we said in *Howard v. Reeck* (1982), Ind.App., 439 N.E.2d 727, 730: "I.C. 31–1–11.5–12, includes educational expenses as an element of support as opposed to a separate and distinct award or allowance." Thus, there was an order prior to Rebecca's twenty-first birthday which included educational expenses.[2] *Howard*.

1. Because the argument is limited to the issue thus presented, we consider only that issue and do not reach the question of whether denial of the contempt petition was error. However, we note that in *Statzell v. Gordon* (1981), Ind.App., 427 N.E.2d 732, this court stated the custodial

parent was unable to enforce support orders by contempt after the child's emancipation.

2. It is uncontested that Rebecca used the support payments received after her enrollment at Northwestern to help defray her educational

College expenses advanced by the custodial parent because the obligated non-custodial parent did not provide for such expenses when such were incurred may be recovered even after the child's emancipation. *Statzell v. Gordon* (1981), Ind.App., 427 N.E.2d 732. Thus, we believe the trial court improperly denied the petition to modify for educational expenses.

Father asserts that our holding will allow a child fifty years old to decide to go to college and seek payment of educational expenses from his or her parent. Such an issue is not presented in this case. Rebecca entered the university immediately upon graduation from high school and pursued her college education continuously. Nevertheless, we think Father's pretended alarm is unfounded. In *Thiele*, we dealt with the case of a student whose parent had been ordered to provide educational expenses, who dropped out of college and then returned. We set forth matters which the court should consider in determining whether, under the circumstances, it would be reasonable or unreasonable, equitable or inequitable, to require a parent or parents to contribute to the expenses of a once discontinued but now resumed higher education. We said:

> "Among the facts which may be considered in making such a determination are—(1) the length of time elapsed between the interruption and resumption of the educational program; (2) the age of the child, (3) the financial ability of the parent or parents, (4) whether the child and the parents intended to abandon permanently the program of higher education when withdrawing from it; (5) the reasonableness of the child's present desire and purpose in returning to an institution of higher learning; (6) the activities of the child, particularly in relation to employment or business during the hiatus; (7) other provisions made for the child by the parent or parents; (8) the station in life of the child and the parent or parents' (9) any other facts or circumstances reasonably related to the need of

the child for such education, the ability of the parent or parents to provide such education, and the reasonableness or equity in requiring the parent or parents to provide educational expenses."

479 N.E.2d 1329.

For the reasons stated, we believe the trial court erred in its determination that Father had no duty to Rebecca after her twenty-first birthday and that it had no authority to enter an order for educational needs after she became twenty-one.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

ROBERTSON, P.J., and NEAL, J., concur.

expenses until such payments were discontinued by her father.