Gaye O. MARTIN, Rebecca L. Martin,
Appellants (Petitioners Below),

v.

Harold L. MARTIN, Appellee
(Respondent Below).

No. 23S01–8607–CV–660.

Supreme Court of Indiana.

July 15, 1986.

James R. Bunch, Wallace, Campbell, Bunch, Shambach & Rennick, Covington, for appellants.

John A Rader, McCabe McCabe & Rader, Williamsport, for appellee.

ON CIVIL PETITION TO TRANSFER

DICKSON, Justice.

Rebecca L. Martin (Rebecca) appeals the denial of the petition for college education expenses filed by her mother, Gaye O. Martin, against her father, Harold L. Martin. The trial court determined that because no order for educational expenses existed prior to Rebecca's twenty-first birthday, the father's duty to support terminated at that time, and no order for educational expenses could be entered subsequent thereto. The Court of Appeals reversed the trial court, 487 NE2d 1321, and the father now petitions for transfer. We agree to grant

transfer and vacate the opinion of the Court of Appeals, but reverse the trial court and remand for further proceedings.

In her appeal from the trial court determination, Rebecca presented the single issue of whether a court may consider a petition for educational expenses for a child subsequent to that child's twenty-first birthday when no order for educational expenses was in existence before that date.

The applicable statutory provisions are: 31–1–11.5–12. (a) In an action pursuant to [dissolution or child support], the court may order either parent or both parents to pay any amount reasonable for support of a child,

    *      *      *      *      *      *

(b) Such child support order may also include, where appropriate:

(1) sums for the child's education in schools and at institutions of higher learning, taking into account the child's apptitude and ability and the ability of the parent or parents to meet these expenses; . . .

    *      *      *      *      *      *

(d) The duty to support a child under this chapter *ceases* when the child reaches his twenty-first birthday *unless*:

(1) the child is emancipated prior to his twenty-first birthday in which case the child support, except for educational needs, terminates at the time of emancipation; however, an order for educational needs *may continue* in effect until further order of the court; or

(2) the child is incapacitated in which case the child support continues during the incapacity or until further order of the court. [Emphasis supplied.]

We believe this to be an issue not previously decided by this Court. In support of her contention, appellant's brief refers us to *Howard v. Reeck* (1982), Ind.App., 439 N.E.2d 727; *Statzell v. Gordon* (1981), Ind. App., 427 N.E.2d 732 and *Thiele v. Thiele* (1985), Ind.App., 479 N.E.2d 1324.

*Howard* did not involve college expenses for a child over twenty-one, and is not applicable to the issue now before this Court.

*Statzell* involved a post-dissolution proceeding in which the wife sought reimbursement from the husband for approximately eleven thousand dollars she had paid for their son's college education. The dissolution decree expressly provided that the husband would pay college expenses "so long as said minor child is engaged as a fulltime student in active pursuit of a degree." The case held that "college expenses advanced by the custodial parent because the obligated non-custodial parent did not meet such expenses when they were incurred, may be recovered by the custodial parent even after the child's emancipation." Thus, the *Statzell* opinion does not address the present issue.

In *Thiele*, the dissolution decree specifically ordered the father to pay college education expenses. The daughter began college, and the father complied. After one semester, she dropped out to attend a beautician school, but then re-entered college one and one-half years later. The decree required him to continue such payments "so long as" she was pursuing an undergraduate degree. When she dropped out of school, he contended that his obligation terminated under the "so long as" clause. The *Thiele* case specifically addressed only the single question of whether or not a court could require a parent to contribute to the expenses of a once discontinued but now resumed higher education. The daughter resumed school six months before her twenty-first birthday. *Thiele* is not pertinent to our inquiry.

■ The statute enumerates two exceptions to the provision that child support duties cease when the child reaches twenty-one. The first exception is emancipation before 21, and the second exception applies where the child is incapacitated. It is within the first exception that we find the crucial language:

[h]owever, an order for educational needs may continue in effect until further order of the court.

While this provision is located within the exception applicable to emancipation prior to age 21, we do not limit its application to situations where a child is emancipated before 21. We will not attribute to the legislature an intention to create a special privilege for children who are emancipated before age 21. Furthermore, under such a restrictive interpretation, the above-quoted language would be mere surplusage. The immediately preceding phrase clearly allows educational support to continue notwithstanding emancipation before age 21. Thus, for the statutory language to be meaningful, we must construe it to permit educational support beyond the cessation of the general duty to support a child, regardless whether the cessation is at age 21 or by reason of prior emancipation.

■ It must be noted, however, that the disputed clause does not state that an order for educational needs "may be first initiated." The statute only provides that such order "may continue." The statute does not authorize adult children to use post-dissolution proceedings to finance the expenses of college commenced or resumed later in life. If this had been the intention of the General Assembly, we presume that the enacted statute would have so provided. It does not. The statutory language is clear. Where educational needs are expressly included in a support order enacted prior to a child's emancipation or attaining age 21, the trial court is authorized to continue to address such educational needs.

■ Because Ind. Code § 31-1-11.5-17 expressly permits modification of "an order with respect to child support," we hold that educational support orders not only continue following emancipation and age 21, but also are subject to further modification.

■ Upon review of the record herein, we find that the specific child support order did embrace an order for educational needs. Following the dissolution, the father was ordered to pay thirty dollars ($30.00) per week for support of two children. This amount was increased to $45.00 by an agreed modification in 1975. When the older child reached eighteen (18), and Re-

becca was fifteen (15), the parties were back in court regarding support disagreements. At that time, the trial court entered an order on July 17, 1977, finding that the older child "is not totally emancipated and has education needs." The trial court further continued the husband's forty-five dollar per week support order, but specifically allocated it to be $22.50 for each of the two children. The older daughter was married a few months later, and thus the father's support obligation was fixed at $22.50 for Rebecca. She graduated from high school in 1980 and enrolled at Northwestern University in September of that year. The father did not petition to reduce support. Rebecca used the support payments received after her enrollment at Northwestern to help defray educational expenses. From her enrollment until June of 1984, she was a fulltime student majoring in journalism, and earned a gradepoint average of 3.37 on a 4.0 scale. The father ceased making support payments when Rebecca became 21 years of age on November 24, 1982. On January 26, 1983, the mother filed petitions to enforce the prior support order, and to modify said order which she contended was insufficient to defray Rebecca's educational costs and expenses.

The court order entered July 17, 1977, treated the two Martin daughters equally. The previous weekly support of $45.00 was allocated to each of the two daughters. At that time, the trial court was ruling upon the propriety of the father's conduct in unilaterally reducing support when the older daughter reached age 18. Significantly, the trial court expressly determined that educational needs were a component of the child support order entered in the case. The trial court continued the support of $22.50 per child, finding that the older child "has educational needs." The record contains no specific explanation of the use of the $22.50 allocated to the youngest daughter, but we infer that the trial judge intended the same for both children. Under the circumstances, we find such specific reference to be sufficient to apply equally to each of the two daughters. Thus, we find

**526**

under the facts of this case that there was in effect "an order for educational needs," which continued beyond Rebecca's twenty-first birthday, and that the trial court was authorized to enforce and consider a modification of said order notwithstanding Rebecca's age.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.