In re the Marriage of Theresa **SHRIVER** (formerly Kobold) Appellant (Petitioner Below),

v.

Otho **KOBOLD, Appellee** (Respondent Below).

No. 71A03–8912–CV–545.

Court of Appeals of Indiana, Third District.

May 7, 1990.

Stephen L. Eslinger, South Bend, for appellant.

Bradley L. Varner, Slabaugh, Cosentino, Arko, Walker & Shewmaker, Elkhart, for appellee.

STATON, Judge.

Theresa Shriver appeals the denial of her petition for Modification of Decree Concerning Support in a post-dissolution proceeding.

The issue on appeal is whether the trial court erred by denying the petition for modification which requested additional funds for graduate school because the original educational support order had expired and the child was over 21 years of age?

We affirm.

In 1967, Theresa Shriver and Otho Kobold were divorced. Several years later, on August 1, 1985, the trial court ordered Kobold to pay one-half of the college expenses of their daughter, Rhonda, at Kalamazoo College. Four years later, in the Spring of 1989, Rhonda completed her education at Kalamazoo College. She was twenty-one when she graduated.

Approximately two months after Rhonda's graduation, Shriver filed a Verified Petition to Modify Decree Concerning Support. The petition stated that Rhonda had been accepted into medical school and prayed for an order directing Kobold to pay one-half of the medical school expenses. The trial court ruled in pertinent part that:

> The Court's prior educational Order having previously expired; and the minor child herein having attained the age of 21 years, Wife's Petition to Modify Order of Support is denied.

R. 12.

Shriver contends that the trial court has the authority to modify an educational support order even if a previous order has expired and the child has reached the age of twenty-one. Kobold contends that his obligation to pay educational expenses terminated when Rhonda completed her education at Kalamazoo College and attained the age of twenty-one.

Our analysis begins with IC 31–1–11.5–12(d) which states in pertinent part that:

> The duty to support a child under this chapter ceases when the child reaches twenty-one (21) years of age unless: (1)

The child is emancipated prior to reaching twenty-one (21) years of age in which case the child support, except for the educational needs outlined in subsection (b)(1), terminates at the time of emancipation; however, an order for educational needs *may continue* in effect until further order of the court ....

(Our emphasis.) Shriver argues that in *Martin v. Martin* (1986), Ind., 495 N.E.2d 523, the Indiana Supreme Court held that the trial court had jurisdiction to enter an order for educational expenses after a child attained the age of twenty-one, even though no prior order existed. The language of the *Martin* case clearly contradicts this argument. In reference to the above quoted code section our supreme court stated that:

the disputed clause does not state that an order for educational needs "may be first initiated." The statute only provides that such order "may continue." The statute does not authorize adult children to use post-dissolution proceedings to finance the expenses of college commenced or resumed later in life.

*Id.* at 525.

The facts of *Martin* also belie Shriver's argument. In *Martin* the trial court ordered support payments of $22.50 per week for each of two children. The order specified that this amount should be used for the education of the older child but did not mention the education of the younger child, who was fifteen years old at the time of the order. A few years later, the younger child started college and she used the $22.50 per week to defray educational expenses. Her father discontinued the weekly payments when she reached the age of twenty-one; she was still in school. He contended that his duty to pay support ceased on his daughter's twenty-first birthday. On appeal the supreme court reasoned that since the trial court provided for the education of the older child, the same intention applied to the younger child; therefore, the educational order *continued to be in effect.* On this basis the supreme court held that a pre-existing order for the education of a child could be modified after the child reached age twenty-one.

The facts in the case at bar are distinguishable. When Shriver petitioned for modification of the previous educational order that order was no longer in effect because Rhonda had already completed her education pursuant to the educational support order. Furthermore, since Rhonda had reached the age of twenty-one a new educational order could not be entered.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.