**John N. DONEGAN, Appellant (Respondent),**

v.

**Katherine DONEGAN, Appellee (Petitioner).**

No. 49S02–9202–CV–112.

Supreme Court of Indiana.

Feb. 17, 1992.

Charles B. Huppert, Indianapolis, for appellant.

Franklin I. Miroff and Monty K. Woolsey, Ancel, Miroff & Frank, P.C., Indianapolis, for appellee.

DICKSON, Justice.

This case asks whether our decision in *Martin v. Martin* (1986), Ind., 495 N.E.2d 523, applies to preclude a child support modification ordering payment of college expenses when the petition is filed before the child's emancipation, but the hearing and resulting ruling occur thereafter. We grant transfer to provide clarification.

John and Katherine Donegan were divorced in 1971, and John was ordered to pay child support for the parties' five children. On March 10, 1988, John filed a petition for a support modification order declaring that his daughter Jennifer, although not yet 21 years of age, was emancipated and that he should no longer be required to make child support payments for her. Katherine filed a counter-petition on June 15, 1988, seeking John's contribution for Jennifer's college expenses. There had not been any previous support order for her educational needs. Following John's motions for continuances, for discovery, and for dismissal of Katherine's petition, and after Jennifer's 21st birthday on September 24, 1988, an evidentiary hearing was held on April 3, 1989. The resulting order, entered June 9, 1989, declared Jennifer "emancipated for purposes of child support effective June 17, 1988," but ordered John to contribute one-third of Jennifer's tuition, books, lab fees and other expenses of full-time undergraduate college attendance, if she maintains a "C" average. The order also required John to pay a portion of the wife's attorney fees for the proceeding, and the trial court subsequently ordered John to pay additional attorney fees in the event of his appeal.

John's appeal contends that the trial court erred by ordering educational expenses of an already-emancipated child. He also asserts trial court error in finding, without any evidentiary basis, that Jennifer was emancipated on June 17, 1988. In addition, he disputes the award of appellate attorney fees.

In a memorandum opinion, the Court of Appeals reversed the order requiring John to pay Jennifer's educational expenses, but affirmed the award of appellate attorney fees. 571 N.E.2d 1342. Acknowledging itself bound by the statutory language of Ind.Code § 31–1–11.5–12(d)(1) and the decision of this Court in *Martin*, the Court of Appeals found that the trial court lacked authority to enact an initial educational needs support order following Jennifer's emancipation.

Katherine's petition for transfer argues that the Court of Appeals decision either contravenes *Martin* or, alternatively, that *Martin* is in need of clarification.

The contention presented in *Martin* was that a trial court may not consider a post-dissolution petition for educational expenses subsequent to the child's 21st birthday when no order for educational expenses was previously in existence. Interpreting statutory language in Ind.Code § 31–1–11.5–12(d) which provides in part "an order for educational needs may continue in effect until further order of the court," we stated:

The statutory language is clear. Where educational needs are expressly included in a support order enacted prior to a child's emancipation or attaining age 21, the trial court is authorized to continue to address such educational needs.

495 N.E.2d at 525. However, we found that there had been a child support order entered before emancipation that did embrace educational needs, and that the trial court was therefore authorized to consider a modification notwithstanding emancipation. 495 N.E.2d at 525–26.

In *Martin*, we did not intend to prevent a trial court from adjudicating a petition timely filed prior to emancipation.

■ While a court may not retroactively reduce, modify, or vacate a support order, it is empowered to make a discretionary modification relating back to the filing date of the petition to modify. *Smith v. Mobley* (1990), Ind.App., 561 N.E.2d 504; *Kaplon v. Harris* (1990), Ind.App., 552 N.E.2d 528; *Marriage of Wiley* (1983), Ind.App., 444 N.E.2d 315. When a modification petition presenting a custodial parent's initial request for a child's college expenses is filed shortly before the child's emancipation for support purposes, we refuse to adopt an interpretation that forces the trial court to choose between either a precipitous adjudication or no resolution whatsoever. This would substantially impair the capacity of the court and the parties to discover and fairly consider the relevant facts, and it could encourage attempts to postpone the hearing until after emancipation for improper reasons of obstructive strategy.

■ We therefore take this opportunity to clarify *Martin*. While a trial court may not first make an order for educational needs when the petition seeking such relief is filed *after* the child's emancipation, it is authorized to complete consideration of petitions filed *before* emancipation.

Notwithstanding this clarification, however, there remains John's contention that there was an absence of any evidence to support the trial court's selection of June 17, 1988, as the date that Jennifer was "emancipated for purposes of child support." He argues that Jennifer's emancipation status was no different on June 17 than it was two days earlier, and thus Jennifer was emancipated *before* Katherine filed her petition for Jennifer's college expenses.

■ We find that this issue has been waived by reason of John's consent to the abandonment of his March 10, 1988, petition to declare Jennifer emancipated before age 21. At the commencement of the hearing on April 3, 1989, there was agreement among the court and counsel that, because Jennifer had by then already reached 21 years of age, there was no further need to hear John's petition to declare Jennifer emancipated. The colloquy included the following:

MR. HUPPERT [John's attorney] *[T]he question in my mind now becomes one of—since the child in question has turned twenty-one years of age—whether or not there needs to be a—our petition needs to be heard on the merits.* The child has reached twenty-one years of age, I believe, on September 24th of last year and it is my understanding that child support terminates at that particular time and so I don't see any need—when we filed back in March of 1988 it was under the belief that there was an emancipation which we think there might be a defense with regard to the petition for college expenses but as far as child support which is awarded in favor of the mother I think that has terminated by operation of law.

THE COURT Any response, Mr. Miroff?

MR. MIROFF [Katherine's attorney] We think that the issue of child support would be [mooted] as of September 24th of last year....

THE COURT *The only issues we will be hearing today then will be the issue of contribution for college expenses, attorney's fees and expenses incurred in the suit.*

MR. HUPPERT ... *[I]f the petition [of March 10] is not going to be heard* I suppose it doesn't make any difference what was said in it but I just wanted to point that out for the court.

Record at 123–24 (emphasis supplied). The hearing was then conducted with Katherine's counsel proceeding first, without objection, further indicating consent and agreement that the hearing was on her petition for Jennifer's educational needs rather than his petition to declare Jennifer emancipated.

At the conclusion of the evidentiary hearing, John's counsel requested leave of court to submit a brief to discuss the import of the evidence upon the resolution of a matter reflected in an entry dated June 17, 1988, which granted a continuance and ruled on a discovery issue, and also specified:

> Respondent to pay all child support due into his attorney's trust account pending hearing. Court to consider making any emancipation retroactive to filing of petition.

Record at 50. Referring to this order, the trial court on April 3, 1989, following its response to counsel's request to submit a post-hearing brief, commented:

> THE COURT [O]ne other thing, Mr. Huppert. Under the June 17th order you were required to collect certain monies in your trust account.
>
> MR. HUPPERT Yes. That's right, Your Honor, I was.
>
> THE COURT Do you have that?
>
> MR. HUPPERT Yes. I'm sorry. I intended to put that in evidence. We have in our account $1,040.00 that was accumulated between the time of the court's order and the time that the child turned twenty-one.

Record at 197. We conclude that it was solely to determine this nearly-overlooked question regarding the date of termination of required weekly support payments, noted in the June 17, 1988, entry, that the trial court included its express finding that Jennifer was "emancipated for purposes of child support effective June 17, 1988." Such finding was not relevant to the issues for which the hearing was held by the agreement and consent of the parties. It was not a predicate finding upon which the educational expense award rested. John's contention that Jennifer's premature emancipation operated to preclude an order for college expenses was waived with the abandonment of his petition of March 10, 1988.

Pursuant to Ind.Appellate Rule 11(B)(3), we summarily affirm that portion of the decision of the Court of Appeals affirming the trial court in ordering John to pay Katherine's appellate attorney fees, in ordering Katherine to document her appellate attorney fees, and in reserving the right to reconsider the fees after appeal. This cause is remanded to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.