**Larry A. MARSHALL, Appellant–Respondent,**

v.

**Diana L. MARSHALL, Appellee–Petitioner.**

**No. 48A02–9111–CV–527.**

Court of Appeals of Indiana,
Second District.

Oct. 22, 1992.

Steven C. Smith, Anderson, for appellant-respondent.

Linley E. Pearson, Atty. Gen., Leneigha S. Downs, Deputy Atty. Gen., Indianapolis, for appellee-petitioner.

SULLIVAN, Judge.

On August 6, 1991, the Madison Superior Court, Division II ordered Larry A. Marshall to assist with the educational expenses for his daughter and to continue paying child support for his son.[1] Marshall presents two issues which we restate as follows:

I. Whether the trial court properly ordered Marshall to assist with the educational expenses for his daughter; and

II. whether the trial court properly ordered Marshall to pay child support for his son?

We affirm.

The marriage of Diana L. Marshall (Mother) and Larry A. Marshall (Father) was dissolved on September 25, 1972. The court ordered Father to pay child support for the four minor children of the parties. On May 14, 1991, Mother filed a petition to modify the decree of dissolution requesting

---

1. The relevant child support provisions are codified at I.C. 31-1-11.5-12 (Burns Code Ed.Supp. 1992).

that Father contribute to the higher education expenses of Tammy Marshall, daughter of the parties. On July 1, 1991, Father filed a motion seeking abatement from any and all support because all of the parties' children were now emancipated. A consolidated hearing upon all matters was conducted on August 1, 1991. The trial court approved the Master Commissioner's findings and recommendations on August 6, 1991.

Tammy was twenty years of age when the respective pleadings were filed. At the time, Tammy lived with Mother and worked full-time while attending Ball State University at night. Tammy was enrolled as a full-time student in the university's Registered Nurse Curriculum.

At the consolidated hearing, Tammy asked Father to assist in meeting her higher education expenses by contributing an amount not to exceed $250.00 per semester for books and laboratory fees.

At the same hearing, Larry Marshall, the parties' son, stated that he was nineteen years old, lived with Mother, worked intermittently, and intended to pursue a post-secondary education. At the time Father moved to abate support, Larry worked at odd jobs to pay for his car loan and his automobile insurance. Mother provided Larry's housing, utilities, and food. Although Larry had dropped out of high school, he completed his G.E.D. (high school equivalency diploma) in July, 1991 and applied for admission to Ball State University and Ivy Tech.

## I.

■ Father contends that he is not obligated to pay for educational expenses accrued subsequent to Tammy's emancipation. Father understandably relies upon *Martin v. Martin* (1986) Ind., 495 N.E.2d 523 for the proposition that a trial court may not order educational expenses be paid after a child's emancipation unless a prior order contemplating such expenses exists. However, a recent clarification of the *Martin* decision weighs heavily upon the instant case. *Donegan v. Donegan* (1992) Ind., 586 N.E.2d 844. Justice Dickson,

writing for the majority, explained that *Martin* does not "prevent a trial court from adjudicating a petition timely filed prior to emancipation." *Id.* at 846.

In *Donegan*, the father filed a petition declaring that his daughter, although not yet twenty-one years old, was emancipated. *Donegan, supra,* 586 N.E.2d at 845. Three months later, but before the court addressed the emancipation issue, the mother cross-petitioned the court to order the father's contribution for college expenses. *Id.* After the daughter's twenty-first birthday, the court held an evidentiary hearing and ruled that the daughter was "emancipated for purposes of child support," but ordered the father to pay "one-third of [the daughter's] tuition, books, lab fees and other expenses of full-time undergraduate college attendance...." *Id.* at 845. In affirming the educational support order, our Supreme Court stated:

"When a modification petition presenting a custodial parent's initial request for a child's college expenses is filed shortly before the child's emancipation for support purposes, we refuse to adopt an interpretation that forces the trial court to choose between either a precipitous adjudication or no resolution whatsoever. This would substantially impair the capacity of the court and the parties to discover and fairly consider the relevant facts, and it could encourage attempts to postpone the hearing until after emancipation for improper reasons of obstructive strategy." *Id.* at 846.

This clarification applies to the instant case.

Based upon *Donegan*, the trial court properly considered Mother's petition for educational expenses because it was filed before emancipation. When Mother filed her petition, the issue of Tammy's emancipation was not yet before the court. Father sought to gain a judicial determination of Tammy's status only after the court received the petition to initiate educational support.

■ Pursuant to I.C. 31–1–11.5–12(d)(1) or (e), the court was required to make a factual determination concerning Tammy's

emancipation. In so doing, the trial court is not precluded from making a contemporaneous finding that Tammy is entitled to receive educational support from Father when the contribution request was initiated before the emancipation determination. This parallels the trial court's authority to extend support for educational needs beyond a child's twenty-first birthday even though the obligation for child support ends. I.C. 31–1–11.5–12(d)(1).

■ Similarly, it is not inconsistent for the trial court to declare Tammy emancipated for purposes of child support yet order Father to pay a share of Tammy's educational expenses. *Donegan, supra,* 586 N.E.2d at 845. The trial court considered that Tammy worked full-time during the day to support herself while she embarked upon a nursing curriculum through the night school program. At the time of the hearing, Tammy had completed a winter and summer semester, was registered for fall classes as a full-time student, and was receiving passing grades. Tammy intended to finance her higher education with grants and financial aid, her own income, Mother's contributions, and, if so ordered by the court, Father's contributions.

■ The findings of the trial court concerning the appropriateness of an award of educational expenses will not be disturbed absent an abuse of discretion. *Thiele v. Thiele* (1985) 1st Dist. Ind.App., 479 N.E.2d 1324, 1329. We find none and therefore hold that the trial court properly entered an order requiring Father to contribute educational support for Tammy's books and laboratory fees.

**2.** Subsection (d)(3) provides that the duty to support a child ends if the child:

"(A) Is at least eighteen (18) years of age; (B) Has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in such a school; and (C) Is or is capable of supporting himself through employment; in which case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist; however, if the court finds that the conditions set forth in clause (A) through (C) are met but that the child is only partially

## II.

Father disputes the trial court's finding that Larry was not emancipated. Indiana's Supreme Court has long held that "what constitutes emancipation of a minor child is a question of law, but whether there has been an emancipation is a question of fact." *Stitle v. Stitle* (1964) Ind., 245 Ind. 168, 197 N.E.2d 174, 182.

■ Father focuses upon two statutory provisions which permit termination of child support obligations. First, Father argues that the application of I.C. 31–1–11.5–12(d)(3) requires that Larry be adjudged emancipated.[2] Father bears the burden of proving the relevant factors including age, schooling, and capacity of self-support. *Brancheau, supra,* 555 N.E.2d at 1318 (father's failure to present evidence of available employment sustained conclusion that child support continue).

■ In the instant case, the facts reveal that Larry, a nineteen year old, recently completed his high school equivalency requirement in preparation for a post-secondary education. Larry indicated he had applied for a job with the City of Anderson, but had not registered with a job placement program because he was attending school and was able only to work part-time. Larry worked sporadically performing odd jobs and earned between fifty and one hundred and fifty dollars per week. Larry testified that he was able to meet the yearly expenses for his car loan and car insurance, but could not pay for his own rent, utilities, or food without help from Mother. Larry's 1990 taxable income, based upon wages from a summer job, was approximately $2,200.00.

supporting himself or capable of only partially supporting himself, the court may order that support be modified instead of terminated."

I.C. 31–1–11.5–12(d)(3).

Father mischaracterizes the effect of this provision. It does not define emancipation. Rather, it terminates the parental obligation of support as a matter of law whether or not the court enters a finding of emancipation. *Brancheau v. Weddle* (1990) 1st Dist. Ind.App., 555 N.E.2d 1315, 1317. Father's misnomer, however, does not impede our analysis.

The facts sufficiently support either the conclusion that Larry was unable to support himself through employment or that he was capable only of partially supporting himself. Larry's reliance upon Mother to subsidize his basic needs for food and shelter supports a conclusion that continued child support is appropriate. Based upon the specific facts of this case, we cannot say that the trial court abused its discretion in denying Father's petition to abate support. *See, Brancheau, supra,* 555 N.E.2d at 1317–18 (child earning slightly more than minimum wage yielding an annual gross income of less than $6,000.00 is entitled to continued child support); *Moody v. Moody* (1991) 1st Dist. Ind.App., 565 N.E.2d 388, 391 (facts supported termination of support where high school graduate, who wanted nothing to do with father, held at least two full-time jobs since graduation and was capable of earning a living); *In Re Marriage of Seeba* (1985) 4th Dist. Ind.App., 480 N.E.2d 960, 962 (support termination not clearly erroneous where high school drop out, who was not interested in completing her education, made no effort to seek employment, and had not lived in either parent's home for at least eight months).

■ Father also argues that Larry was emancipated because he is beyond the "control" of Mother. This argument focuses upon a provision which requires that the trial court terminate child support if the court finds a child under the age of twenty-one "[i]s not under the care *or* control" of either parent. I.C. 31–1–11.5–12(e)(3)(A) (emphasis supplied.) As previously noted, emancipation determinations rest upon the particular facts of each case. It is the trial court which is best equipped to weigh the evidence and judge the credibility of the witnesses. *Moody, supra,* 565 N.E.2d at 390. We will uphold the trial court's determination if there are facts and inferences in the record to support the findings. *Id.*

The facts reveal that Larry continues to reside in a home maintained by Mother and depends upon Mother for financial assistance. Larry admits that he "listens" to Mother but, like most nineteen-year-olds, exercises a certain amount of independence and is free to visit with friends outside of the home. Although a different fact-finder might have reasonably concluded otherwise, based upon these facts, the trial court here did not abuse its discretion in concluding that Larry remains under the care or control of Mother. Thus, we hold that the trial court did not err in denying Father's petition to abate support or in ordering child support in the amount of thirty dollars per week.

The judgment is affirmed.

BUCHANAN and MILLER, JJ., concur.