PARKER, Judge.
Janet Fisher (the mother) appeals a final judgment entered against her in her action to enforce a foreign decree for child support. The trial court dismissed her complaint based on laches. We reverse, concluding that Lester Fisher (the father) waived the defense of statutory laches.
The mother filed this action to enforce a foreign judgment for child support, to domesticate the foreign judgment, for entry of a money judgment, and for other equitable relief to enforce the payment of child support. The final judgment sought to be enforced was an Indiana judgment dated December 1, 1967, dissolving the marriage of the parties and obligating the father to pay child support. The father asserted the affirmative defense of equitable laches. The case proceeded to a nonju-ry trial. After the mother rested her case, the father moved for a directed verdict on the basis that section 95.11(6), Florida Statutes (1989) required dismissal because the mother did not commence this action within five years of the date of the Indiana judgment. The trial court took the motion for directed verdict under advisement. The father then testified, primarily to facts supporting his affirmative defense of equitable laches. Two months after the trial, the trial court granted the motion for directed verdict and entered a final judgment for the father.
It was error for the trial court to direct the verdict based on statutory laches because the father waived that defense. The affirmative defense of laches or statute of limitations must be pleaded. Fla. R.Civ.P. 1.110(d). The father’s failure to plead statutory laches waived that defense. Fla.R.Civ.P. 1.140(h).
Florida must give full faith and credit to the Indiana judgment which established the child support obligation. Florida may enforce the judgment as to past due child support payments even though the mother never obtained a judgment establishing arrears because those payments were vested. The reason that the payments are considered vested is because they could not be reduced retroactively in either Florida or Indiana. See Morin v. Morin, 466 So.2d 1255 (Fla. 2d DCA1985); Donegan v. Donegan, 586 N.E.2d 844 (Ind.1992).
The trial court may consider equitable defenses. In this case the father pleaded and presented evidence pertaining to his defense of equitable laches. The trial court, having directed a verdict, did not rule on the defense. Thus, we remand this case to the trial court for its consideration of the father’s defense of equitable laches.
*1372 Reversed and remanded for proceedings consistent with this opinion.
RYDER, A.C.J., and ALTENBERND, J., concur.