SULLIVAN, Justice,
dissenting.
Believing that the Court has impermissi-bly rewritten and incorrectly interpreted Indiana Code section 31-16-6-6,1 respectfully dissent.
The Court says that when the circumstances described in Indiana Code section 31 — 16—6—6(a)(3) exist, then a child is emancipated for purposes of Indiana law. This is not correct. E.g., Sexton v. Sedlak, 946 N.E.2d 1177, 1186-87 (Ind.Ct.App.2011), trans. denied; Carpenter v. Carpenter, 891 N.E.2d 587, 593 (Ind.Ct.App.2008); Marshall v. Marshall, 601 N.E.2d 9, 12 & n. 2 (Ind.Ct.App.1992) (interpreting former version of statute); Brancheau v. Weddle, 555 N.E.2d 1315, 1316-17 & n. 1 (Ind.Ct.App.1990) (same). Contra Butrum v. Roman, 803 N.E.2d 1139, 1144 (Ind.Ct.App.2004). trans. denied; Connell v. Welty, 725 N.E.2d 502, 505 (Ind.Ct.App.2000). Indiana Code section 31-16-6-6 sets forth three situations in which a child support obligation does not terminate at age 21. *663 Subsection (a)(1) specifies that one of those situations is emancipation, and subsection (b) defines “emancipation.” Ind.Code § 31-16-6-6(a)(l), (b) (2008). If the Legislature intended the circumstances of subsection (a)(3) to constitute emancipation, it would have either included those circumstances within subsection (a)(1) or defined “emancipation” in subsection (b) to include them.
That having been said, I acknowledge that with the Legislature’s recent action reducing the age of emancipation from 21 to 19 effective July 1, 2012, see Pub. L. No. 111-2012, §§ 1-2, 2012 Ind. Acts 1590, 1590-91 (amending I.C. §§ 31-14-11-18 and 31-16-6-6), the consequences of the Court’s decision are likely to be insignificant.
RUCKER, J., concurs.