In re the Marriage of John E. MOSS, Appellant–Respondent,

v.

Amy FRAZER, Appellee–Petitioner.

No. 49A02–9205–CV–224.

Court of Appeals of Indiana, Second District.

June 3, 1993.

Thomas R. Barnes, Indianapolis, for appellant-respondent.

Bruce M. Pennamped, Richard S. Pitts, Lowe Gray Steele & Hoffman, Indianapolis, for appellee-petitioner.

FRIEDLANDER, Judge.

## CASE SUMMARY

Respondent-appellant John Moss (John) appeals from the trial court's award of private school tuition expenses to his former wife, petitioner-appellee Amy Frazer (Amy), claiming the trial court erred when it construed the parties' original dissolution decree.

We affirm in part and reverse in part.

## FACTS

The facts most favorable to the trial court's judgment reveal that the parties divorced in 1979. One child was born of the marriage, Andrew, who was three years old at the time of the dissolution. The original dissolution decree provided, in pertinent part: "Respondent [John] shall pay one-half of all of said child's educational expenses until said child reaches 18 years of age, and he shall pay one-half for a four-year college education for said child." *Record* at 2. John was also ordered to pay $25 per week as support for Andrew. John's child support obligation was modified in March of 1987, increasing his support payments to $35 per week.

At the time of the dissolution, neither of the parties contemplated sending Andrew to a private school. Andrew attended a private school in first and second grade, but Amy did not seek any contribution from John for Andrew's tuition at that school. Andrew thereafter attended public schools through the seventh grade. Andrew began attending a private school in the eighth grade, and transferred to a different private school in the tenth grade.

On October 30, 1991, Amy filed a petition to modify John's child support obligation and requested a contempt citation because John had not paid one-half of Andrew's tuition at the private schools. After a hearing, the trial court increased John's child support payment to $85.50 per week. The trial court also ordered John to pay Amy $2,291.50 as his portion of Andrew's

past private school expenses, in five monthly installments. The trial court directed John to pay one-half of Andrew's future private school expenses and limited his obligation for Andrew's college educational expenses to fifty percent of Andrew's costs if he were enrolled as a full time student, in residence, at Indiana University, Bloomington, Indiana.

## ISSUE

Whether the trial court erred when it ordered John to pay a portion of Andrew's private school expenses?[1]

## DECISION

*PARTIES' CONTENTIONS*—John argues that the parties' original dissolution decree did not require him to pay one-half of the tuition expenses for Andrew to attend private school. Rather, he reads the decree as directing him to pay one-half of the normal school expenses associated with attending public school. Amy replies that the decree ordered him to pay "educational expenses" and Andrew's tuition is an educational expense, so the trial court properly ordered him to reimburse her for Andrew's tuition.

*CONCLUSION*—The trial court erred when it ordered John to pay for the tuition expenses incurred before Amy filed her petition for modification.

When construing a judgment, we will look to the entire record to ascertain its meaning and will read all of its provisions together to render them all effective. A judgment will be considered ambiguous if reasonable persons differ as to its effect and meaning. *Brown v. Brown* (1991), Ind.App., 581 N.E.2d 1260.

Ind.Code 31–1–11.5–12(b) (1992 Supp.) provides, in pertinent part:

"The child support order may also include, where appropriate:

(1) sums for the child's education in elementary and secondary schools and at

---

1. John has not challenged the modification of his weekly child support payments or the order to pay a portion of Andrew's college expenses.

institutions of higher learning, taking into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses...."

The question before us is whether the inclusion in the original dissolution decree of the order for John to "pay one-half of said child's educational expenses until said child reaches 18 years of age...." *record* at 2, constituted "sums for the child's education in elementary and secondary schools" pursuant to IC 31–1–11.5–12(b)(1), which would unquestionably include private school tuition, or whether it was merely the division of the normal and ordinary expenses (such as book fees) incurred when a child attends public school. Amy favors the former construction, while John prefers the latter.

■ Several factors militate against Amy's proffered construction and support John's reading of the decree. First, it is apparent from the undisputed facts that the parties did not initially construe the decree as including private school tuition. Amy testified that she did not consider private schooling for Andrew at the time of the divorce and that she did not seek any contribution from John when Andrew attended a private school for first and second grade. *Record* at 58–59.

Secondly, an award of sums for Andrew's education pursuant to IC 31–1–11.5–12(b)(1) in the original dissolution decree would have been improper. In *Giselbach v. Giselbach* (1985), Ind.App., 481 N.E.2d 131, this court construed IC 31–1–11.5–12(b)(1) and concluded that the statute clearly contemplated that the trial court would conduct a comprehensive analysis of the factors enumerated in the statute *prior* to rendering an order directing payment of expenses. *See also Vore v. Vore* (1990), Ind.App., 563 N.E.2d 154, *aff'd* 573 N.E.2d 397.

Andrew was three years old at the time of the parties' divorce. Nothing in the record suggests the trial court considered his aptitude or ability when it ordered John to pay one-half of Andrew's educational expenses until he was 18 years old, nor could the trial court have properly consid-

ered whether a private high school education would be appropriate for Andrew when he was only three years old.

■ We reject Amy's argument that John's claim that the 1979 decree was ambiguous was made too late. A similar factual situation arose in *Rohn v. Thuma* (1980), Ind.App., 408 N.E.2d 578. In *Rohn,* the parties' dissolution decree incorporated an agreement between the parties in which the husband agreed to provide the parties' two children with a four year undergraduate college education. Nine years after the divorce, the children elected to attend private, out-of-state colleges, but the husband only tendered the costs the children would have incurred if they had attended Indiana University. The wife filed a petition for a contempt citation against the father, claiming he had failed to comply with the decree.

The trial court concluded that the husband had complied with the decree. On appeal, we agreed that the husband was not in contempt of court because he, in good faith, rendered what he considered full payment under the terms of the decree and therefore did not wilfully disobey the decree. We determined that the decree was ambiguous because it did not define a "four-year undergraduate education" as was described in the parties' agreement incorporated into the decree.

We also relied on our Supreme Court's decision in *State ex rel. Davis v. Achor* (1947), 225 Ind. 319, 75 N.E.2d 154, which stated:

> "[A] judge should not make ambiguous records, but if he does so inadvertently and the term of the court ends before he discovers the ambiguity, and the parties have made conflicting claims in reliance upon the ambiguous records so made, the ambiguity may be clarified upon proper application, notice and hearing.... Even then it would be a harsh application of the law to cite a party for contempt for acting in good faith in obedience to the ambiguous order...."

*Id.* at 329, 75 N.E.2d at 158.

■ So we cannot fault John for not raising the ambiguity in the 1979 decree

until he was made aware of Amy's alternate interpretation when she filed her contempt petition. Just as the ambiguity was properly considered in *Rohn*, so too are John's claims concerning the 1979 decree.[2]

Further, we find that Amy's reading of the decree is too expansive. Under her construction, she could send Andrew to any school, incur any expense for his education she desired, wait until after the expenses had accrued and then force John to pay his share, all without ever having the propriety of those expenses scrutinized by the trial court. We do not believe the trial court intended to give such sweeping, unfettered discretion to Amy in the original dissolution decree. Given the clear legislative policy of requiring judicial approval of extraordinary educational expenses *before* they are incurred and before the noncustodial parent is ordered to pay a share of those expenses, it would be unfair to read the original dissolution decree as awarding Amy the unilateral discretion to incur any educational expense for Andrew she wanted.

Because the trial court could not have included sums for Andrew's education pursuant to IC 31–1–11.5–12(b)(1) in the initial decree, we conclude the initial decree did not obligate John to pay for one-half of Andrew's private school tuition expenses. Therefore, the trial court erred when it ordered John to pay the portion of Andrew's tuition which accrued before Amy filed her petition for modification.

■ We cannot come to a similar conclusion with respect to the trial court's award as it relates to the award of future private school tuition. While John acknowledges the trial court may, in its discretion, order the payment of private secondary school expenses, *appellant's brief* at 19, he nonetheless argues that such expenses should not have been ordered here. We do not agree. The trial court heard ample evidence of Andrew's aptitude and ability, the suitability of his attendance at a private school, and John's ability to contribute to Andrew's education. While John may disagree with the trial court's conclusion, his arguments that private school was inappropriate for Andrew are essentially requests that we substitute our judgment for that of the trial court, which we will not do. The trial court did not abuse its discretion when it ordered John to pay a portion of Andrew's future tuition expenses.

■ Further, as the trial court may make a modification effective as of any date after the filing of the petition, the trial court properly ordered John to pay the portion of those expenses which accrued after Amy filed her petition. *See Smith v. Mobley* (1990), Ind.App., 561 N.E.2d 504, *trans. denied.*

The trial court's judgment with respect to the expenses incurred before Amy filed her petition for modification is reversed and remanded for further proceedings consistent herewith.

SHIELDS and RUCKER, JJ., concur.

---

2. This court in *Rohn* concluded that the trial court had erred when it apparently decided that, as a matter of law, the husband's payment of the state school's expenses necessarily satisfied the decree. We remanded the matter to the trial court for consideration of the relevant social and financial factors in determining the husband's financial responsibility. A similar conclusion, however, cannot be reached here because the educational expenses considered in *Rohn* were the product of a settlement agreement incorporated into the decree. John did not agree to pay a portion of Andrew's educational expenses, he was ordered to do so by the trial court. *Record* at 2. While parties to a settlement agreement may exceed the statutory bounds when fashioning their agreement, a trial court is limited to exercising the discretion authorized by statute when issuing its decree. So the requirement that the trial court consider the child's aptitude and ability and the parents' ability to pay *before* it orders the payment of sums for a child's education prevents the trial court here from retroactively modifying the dissolution decree and awarding Amy compensation for past tuition expenses.