Jennifer WARD, Appellant,

v.

Michael A. WARD, Appellee.

No. 49A02–0107–CV–464.

Court of Appeals of Indiana.

Feb. 21, 2002.

Michael A. Wilkins, Carrie L. Wagner, Ice Miller, Indianapolis, IN, Attorneys for Appellant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jennifer Ward ("Mother") appeals from the trial court's order awarding Michael Ward ("Father") a credit toward his child support obligation in an amount equal to Mother's support arrearage.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

Pursuant to a dissolution decree in 1995, Father was granted custody of the three children born of his marriage to Mother, and the court ordered Mother to pay $54 per week in child support. In 1999, the Marion County Division of Family and Children ("DFC") filed a petition alleging that the parties' three minor children were children in need of services ("CHINS"). Following a hearing, the court granted custody of the three children to Mother.

In June 1999, Mother became unemployed due to a disability, and in August 1999, she began receiving Supplemental Security Income ("SSI"). In 2001, the parties entered an Agreed Modification of Custody, Visitation and Support, which provided in relevant part that Father would pay $222.29 per week in child support. The parties also requested a hearing to determine whether Mother was in arrears on her former child support obligation.

During the April 2001 hearing to determine Mother's child support arrearage, the undisputed evidence showed that the amount of her arrearage was $14,199.20. However, the undisputed evidence also showed that Mother is disabled due to a mental disorder and that her sole current source of income is SSI ($530/month), AFDC ($218/month), and food stamps ($311/month). Mother testified that after "a [previous] hearing at the child support office" involving "a prosecutor," she was not required to pay on her arrearage given her dependence on SSI. Transcript at 12, 14. Nonetheless, the dissolution court ordered that Father would receive a credit on his child support obligation in an amount equal to Mother's arrearage, and the credit operated to suspend Father's weekly support payments for approximately sixty-four weeks. Mother appeals from that order.

### DISCUSSION AND DECISION

■ Mother contends that the dissolution court erred when it ordered that Father's child support payments be suspended until Mother's arrearage is satisfied. Father has filed no appellee's brief in this case. Where the appellee fails to file a brief on appeal, we may in our discretion reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Hubbard v. Hubbard,* 690 N.E.2d 1219, 1220 (Ind.Ct.App.1998). This rule was established for our protection so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id.*

■ Determinations of proper child support are committed to judicial discretion. *Olson v. Olson,* 445 N.E.2d 1386, 1388 (Ind.Ct.App.1983). Reversal of a trial court's child support order is merited only where the determination is clearly against the logic and effect of the facts and circumstances. *Fields v. Fields,* 749

N.E.2d 100, 104 (Ind.Ct.App.2001). Here, Mother presents an issue of first impression to this court, namely, whether a non-custodial parent is entitled to a credit against a custodial parent's child support arrearage where that custodial parent is dependent on SSI.

It is well settled that SSI, food stamps, and other means-tested public assistance programs are excluded from a parent's income for the purpose of computing child support under Indiana Child Support Guideline 3A. *See Cox v. Cox,* 654 N.E.2d 275, 277 (Ind.Ct.App.1995). And this court has consistently held that SSI recipients, as a matter of law, cannot be held in contempt for failure to comply with child support orders. *See id.; Holiday v. Holiday,* 644 N.E.2d 880, 883 (Ind.Ct.App. 1994); *Esteb v. Enright by State,* 563 N.E.2d 139, 142 (Ind.Ct.App.1990). Here, the dissolution court acknowledged that it could not order Mother to pay her arrearage given her dependence on SSI, but the court nonetheless gave a credit to Father in the amount of Mother's arrearage.

The paramount concern of a court in any case involving child support must be focused on the best interests of the child. *Fields,* 749 N.E.2d at 104. And one of the purposes of child support is to provide a child with regular and uninterrupted support. *Rendon v. Rendon,* 692 N.E.2d 889, 897 (Ind.Ct.App.1998). Where, as here, the custodial parent's sole means of support is SSI, AFDC, and food stamps, a court order suspending the non-custodial parent's child support obligation is not in the best interests of the child. The order essentially punishes the children for Mother's failure to satisfy her prior support obligation.

Common sense dictates that the parent who is entitled to receive child support payments must expend her own funds to support the children when the parent obligated to pay support fails to do so. *See State v. Funnell,* 622 N.E.2d 189, 192 (Ind. Ct.App.1993) (Hoffman, J. concurring). According to the Child Support Guidelines, Mother has *no* income. But the effect of Father's credit against Mother's arrearage is that Mother must support her children entirely with her SSI and other assistance. We hold that the credit is an indirect means of forcing Mother to pay her arrearage and is, therefore, contrary to law.

Reversed and remanded.

BAKER and MATTINGLY–MAY, JJ., concur.