**Peggy J. HAVILLE, Appellant–Respondent,**

v.

**Michael HAVILLE, Appellee–Petitioner.**

**No. 79A02–0209–CV–749.**

Court of Appeals of Indiana.

April 29, 2003.

Cynthia L. Garwood, Lafayette, IN, Attorney for Appellant.

James A. Gothard, Bennett Boehning & Clary, Lafayette, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Respondent, Peggy J. Haville (Former Wife), appeals the trial court's denial of her request to modify a maintenance award contained in a settlement agreement.

We affirm.

### ISSUES

Former Wife raises one issue on appeal, which we restate as follows: whether the trial court erred when it found that it lacked authority to modify the maintenance provision of the parties' Settlement Agreement.

### FACTS AND PROCEDURAL HISTORY

On December 16, 1997, the trial court entered a Decree of Dissolution of Marriage approving a Settlement Agreement between Former Wife and Michael Haville (Former Husband) (collectively, "the parties"). Sometime prior to the parties' marriage, Former Wife was diagnosed as suffering from Multiple Sclerosis. Former Husband was aware of this diagnosis throughout the course of the parties' relationship. However, by the time the parties finalized their dissolution, Former Wife's health condition had worsened to the point that she was confined to a wheelchair, and the parties agreed that she was permanently disabled.

When the dissolution was finalized, Former Wife was awarded, pursuant to the terms of the Settlement Agreement, $400.00 per month for the remainder of her life as spousal maintenance. However, because Former Wife's needs for housing became more expensive and her medical expenses grew remarkably higher, and because she later incurred increased costs for transportation, her financial needs changed. Since she had no ability to increase her income, Former Wife sought to modify the amount of incapacity maintenance awarded in the Settlement Agreement. Former Wife testified that her financial situation was so poor that she was forced to seek loans from her parents against a trust fund created for her in her grandfather's estate to meet many of her basic living expenses.

On March 28, 2002, Former Wife filed a Verified Petition for Contempt Citation and Petition to Modify Maintenance. On July 19, 2002, Former Husband filed a Motion to Dismiss Petition to Modify and Memorandum of Law based upon the premise that the incapacity maintenance award stemmed from the Settlement Agreement rather than an award issued by the trial court and, as a result, the trial court did not have authority to modify the Settlement Agreement absent consent from both parties. On May 23, 2002, Former Wife submitted evidence on her Petition to Modify along with evidence regarding other post-dissolution matters raised by the parties. On July 25, 2002, Former Husband presented an argument on his Motion to Dismiss and Former Wife presented an argument on her Petition to

Modify. Additionally, the parties submitted written arguments and legal authorities for the trial court's consideration and ruling upon Former Husband's Motion to Dismiss.

The relevant provisions of the Settlement Agreement are as follows:

WHEREAS, the parties desire to dissolve all issues raised in the above-described cause of action pertaining to spousal maintenance, division of property, child custody, child support, and payment obligations, including attorney fees, and . . . . .

### SPOUSAL MAINTENANCE

1. Wife is permanently disabled, however, wife receives substantial sums from Purdue University and the Social Security Administration. Those amounts are being taken into account in determining the amount of spousal maintenance that is being paid to wife.

2. Husband shall pay directly to wife maintenance in the amount of $400.00 per month for the remainder of her life.

### MISCELLANEOUS

1. In consideration of all promises contained in this agreement, the parties shall release all claims and rights which either ever had, now has or might hereafter have against the other by reason of their former relationship as husband and wife, or otherwise, excepting all of the claims and rights of each party created and outstanding against the other pursuant to the terms of this agreement. It is the intent hereof that each party hereby accepts the provisions of this agreement in full release and settlement of any and all claims and rights against the other. It is the further agreement of the parties that the provisions of the agreement shall inure to the benefit of, and be binding upon, the heirs, executors, administrators, and personal representatives of the parties hereto unless otherwise provided herein.

. . . .

3. This is an agreement to settle all property and spousal maintenance rights between husband and wife in the event a dissolution shall be entered by the Court. This agreement shall be submitted to the Court for approval, and if so approved, shall be incorporated in any dissolution decree rendered by the Court. Should the Court not enter a dissolution decree or fails or refuses to approve this settlement in whole or in part, the same shall be wholly void and of no further force and effect.

4. The parties hereto acknowledge that each is making this settlement agreement of his or her own free will and volition in an effort to compromise the disputed issues between the parties and further acknowledge that no coercion or undue influence has been used against either party in the making of this settlement agreement, and each has been or has had the option to be represented by legal counsel in the negotiation and making of this agreement. This agreement constitutes all of the terms of the contract between the parties.

. . . .

10. The law of the State of Indiana as it exists on the date of signing shall be used for all purposes including but not limited to interpret, construct, define and to govern the terms and conditions of this settlement agreement.

11. The parties acknowledge they have reached this agreement by negotiations between themselves without the assistance of counsel.

In the Settlement Agreement, there were no provisions addressing whether the maintenance award or the settlement agreement could be modified. On August 18, 2002, based upon the aforementioned provisions, the trial court granted Former Husband's Motion to Dismiss Petition to Modify and entered the following Order:

### ORDER GRANTING HUSBAND'S MOTION TO DISMISS PETITION TO MODIFY

This case is before the Court on the husband's motion to dismiss the wife's petition to modify.

The parties entered into a Separation (sic) Agreement which was incorporated into the Decree of Dissolution. That Agreement reflected, among other things, "the parties desire to resolve all issues raised in the above-described cause of action pertaining to spousal maintenance, division of property, child custody, child support, and payment of obligations, including attorney fees...." It divided the parties' property. It provided for spousal maintenance: "husband shall pay directly to wife maintenance in the amount of $400.00 per month for the remainder of her life." It provided for custody and visitation. It provided for child support. It provided,

In consideration of all promises contained in this Agreement, the parties shall release all claims and rights which either ever had, now has, or might hereafter have against the other by reason of their former relationship as husband and wife, or otherwise, excepting all of the claims and rights of each party created and outstanding against the other pursuant to the terms of this Agreement. It is the intent hereof that each party hereby accepts the provisions of this Agreement in full release and settlement of all claims and rights against the other. It is the further agreement of the parties that the provisions of this Agreement shall inure to the benefit of, and be binding upon, the heirs, executors, administrators, and personal representatives of the parties hereto unless otherwise provided herein.

The Agreement further provided;

This is an Agreement to settle all property and spousal maintenance rights between the husband and the wife in the event a dissolution will be entered by the court. This Agreement shall be incorporated in any dissolution decree by the court.

The wife argues, that because she is admittedly disabled, as agreed in the Settlement Agreement: ("Wife is permanently disabled"), the maintenance provision is modifiable. The husband argues that, because the maintenance provision is contained in a settlement agreement approved by the court and incorporated into a decree of dissolution of marriage, it is not modifiable.

This is a question that was left open by *Voigt v. Voigt,* 670 N.E.2d 1271 (Ind. 1996). That case held that where a court-approved settlement agreement provides for maintenance which the court could not have awarded otherwise, the agreement is not modifiable. *Voigt* (sic) recognized and pointed out the statutory provision which makes a court-ordered decree of maintenance modifiable. I.C. 31–15–7–3. The remaining question, which was not presented by the *Voigt* case—whether a provision for maintenance which could have been ordered by the court on one of the statutory grounds, but which was provided by the settlement agreement is modifiable—was reserved.

There are strong arguments in both directions. Favoring wife, there is an argument that the policy reflected in I.C. 31–15–7–3 is that a spouse's obligation to support a disabled spouse does not terminate with divorce, but may increase with changed circumstances. Favoring the husband is the argument that a settlement agreement has many parts, many of which are interrelated, and that freedom of contract favors the permanence of settlement agreements.

In the instant agreement, the Court finds first that it was an agreement that the Court could not have ordered in the absence of an agreement and second that it was an agreement which the parties intended to be permanent and not modifiable.

First, the Agreement provides that maintenance shall be paid "in the amount of $400.00 per month for the remainder of [wife's] life." The Agreement is binding on the husband's "heirs, executors, administrators, and personal representatives." Thus, the wife's right to receive maintenance survives the husband's death. This is not something the Court could have ordered under I.C. 31–15–7–2(1). Rather, incapacity maintenance is awardable only "during the period of incapacity, subject to further order of the court." A court-ordered, non-agreed maintenance provision is a personal obligation that ends on the death of either spouse. Thus, the provision in the parties' agreement that maintenance is payable beyond the husband's death is something that the court could not have ordered without the parties' consent.

Additionally, the Agreement is clear that the amount of maintenance is fixed and is not intended to be modifiable. The Decree provides that the wife is permanently disabled. The parties obviously intended that maintenance last for the wife's life. However, the De- cree provides that maintenance shall be paid in the amount of $400.00 per month for the remainder of her life. There is no provision for review of maintenance upon changed circumstances. The parties' intention to make this a non-modifiable portion of their agreement is reflected also in the provisions that provides, "This is an Agreement to settle all property and spousal maintenance rights between husband and wife in the event a dissolution shall be ordered by the court." Spousal maintenance rights, in this regard, are being treated by the Decree as comparable to property rights, which are not modifiable, and not like child support provisions which are.

Thus, the Court finds that this is an Agreement of the sort which *Voigt v. Voigt* determined was not modifiable because it was based upon an agreement of the parties and exceeded the powers of the Court in the absence of the parties' agreement.

Motion to dismiss petition to modify granted. Petition to modify is dismissed.

Former Wife now appeals.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Former Wife's maintenance modification claim rests, for the most part, on the proper interpretation of the Settlement Agreement. Because this case turns on the correct interpretation of that document, we recite well-settled principles of contract interpretation and the appropriate standard of appellate review.

[1–5] It is a court's duty to interpret a contract so as to ascertain the intent of the parties. *McLinden v. Coco*, 765 N.E.2d 606, 611 (Ind.Ct.App.2002). The court

must accept an interpretation of the contract that harmonizes its provisions as opposed to one which causes the provisions to be conflicting. *Id.* In interpreting a written contract, the court will attempt to determine the intent of the parties at the time the contract was made as disclosed by the language used to express their rights and duties. *Id.* The unambiguous language of a contract is conclusive upon the parties to the contract and upon the courts. *Id.* Our standard of review of the interpretation of an unambiguous contract is de novo. *Id.* at 612.

■■■ However, if the contract is ambiguous or uncertain in its terms and if the meaning of the contract is to be determined by extrinsic evidence, its construction is a matter for the factfinder. *First Fed. Sav. Bank of Ind. v. Key Mkts., Inc.,* 559 N.E.2d 600, 604 (Ind.1990). Rules of contract construction and extrinsic evidence may be employed in giving effect to the parties' reasonable expectations. *Id.* If the ambiguity arises because of the language used in the contract and not because of extrinsic facts, then its construction is purely a question of law to be determined by the trial court. *Id.* When the court finds a contract to be clear in its terms and the intentions of the parties apparent, the court will require the parties to perform consistently with the bargain they made. *Id.*

## II. *Maintenance Modification*

■■■ Former Wife argues that the trial court erred in holding that the monthly maintenance payments are not subject to judicial modification. Specifically, Former Wife asserts that, because she is admittedly disabled and the Settlement Agreement does not explicitly exclude modification, the trial court is authorized to modify the maintenance provision. Additionally, she contends that the Settlement Agreement is ·

modifiable because the maintenance provision is one that the trial court could have initially imposed absent an agreement by the parties.

Alternatively, Former Husband argues that the Settlement Agreement contains a specific provision that binds his heirs, executors, administrators, and personal representatives to the maintenance payment of $400 per month for Former Wife's lifetime. Because this provision is contrary to statute, Former Husband alleges that the Settlement Agreement is not one that the trial court could have issued. Therefore, Former Husband maintains that the trial court lacks the authority to modify the maintenance provisions contained within the Settlement Agreement absent consent from both parties.

■■■ In order to promote the amicable settlement of disputes that may arise between the parties dissolving their marriage, parties may agree in writing to provisions for the maintenance of either party. *See* I.C. § 31–15–2–7(a). The relevant statute "gives the parties free rein to make such continuing financial arrangements as, in a spirit of amicability and conciliation, they wish." *Tietjens v. Tietjens,* 744 N.E.2d 1064, 1065–66 (Ind.Ct.App.2001). Thus, divorcing parties are free to anticipate future events and contingencies in maintenance agreements and to declare that alternate terms will "automatically" come into effect upon the occurrence of those events. *Mundon v. Mundon,* 703 N.E.2d 1130, 1136 (Ind.Ct.App.1999). If approved by the court, the terms of the parties' agreement "shall be transported and merged into the decree and the parties shall be ordered to perform the terms. . . ." *Tietjens,* 744 N.E.2d at 1066; *See also* I.C. § 31–15–2–7(b). The public policy of this state favors separation agreements. *Thomas v. Abel,* 688 N.E.2d 197, 200 (Ind.Ct.App.1997). Therefore, a prop-

erty settlement agreement incorporated into a final dissolution decree and order may not be modified unless the agreement so provides or the parties subsequently consent. *Thomas*, 688 N.E.2d at 200.

■ Moreover, it is important to note that while a court itself may award maintenance only under the narrow circumstances outline in § 11(e) of the Dissolution Act, the parties are not so limited in drafting settlement agreements. *Thomas*, 688 N.E.2d at 201. The parties are " 'free to make such continuing financial arrangements as, in a spirit of amicability and conciliation, they wish.' " *Voigt v. Voigt*, 670 N.E.2d 1271, 1277 (Ind.1996). However, once the parties have entered a settlement agreement and that agreement has been accepted by the trial court and incorporated into the dissolution decree, in most cases, the trial court may not subsequently modify the maintenance agreement upon the petition of one party over the opposition of the other. *Id.* at 1278.

In the present case, both Former Husband and Former Wife freely and voluntarily entered into a settlement agreement, which the trial court approved and incorporated into the dissolution decree. Specifically, in this agreement Former Husband agreed to pay to Former Wife $400 per month for the remainder of her life. Thus, the agreement requires maintenance payments that could extend beyond the life of Former Husband. As a result, the agreement is binding on his heirs, executors and personal representatives.

In applying the reasoning of *Voigt* to the instant case, we find that the trial court

properly determined that it lacked the authority to modify the settlement agreement. 670 N.E.2d at 1271. A settlement agreement and the decree incorporating the settlement agreement can impose the burden of maintenance obligations beyond the lifetime of the obligor. *See Brown v. Guardianship of Brown*, 775 N.E.2d 1164, 1167 (Ind.Ct.App.2002).[1] Therefore, although the parties in the instant case were free to contract for this obligation in their agreement, maintenance payments beyond the obligor's lifetime are not something that the trial court could have initially ordered absent a settlement agreement. *See Moss v. Frazer*, 614 N.E.2d 969, 972 n. 2 ("while parties to a settlement agreement [in a divorce action] may exceed the statutory bounds when fashioning their agreement, a trial court is limited to exercising the discretion authorized by statute when issuing its decree.") As a result, we find that the Settlement Agreement is one that the parties intended to be permanent and not modifiable. *See McLinden*, 765 N.E.2d at 611.

Further, modification of this settlement agreement can only be based on agreement by Former Husband and Former Wife. *See Voigt*, 670 N.E.2d at 1280. Here, Former Husband does not agree to modification of the maintenance payments. Absent an agreement by both parties to modify the agreement, the trial court is not authorized to modify the maintenance payments. *See Voigt*, 670 N.E.2d at 1280 (modification of the settlement agreement can only be based on agreement by Former Husband and Former Wife). Therefore, the trial court was not authorized to

---

**1.** Former Wife maintains that the Settlement Agreement does not explicitly state that the maintenance payments are to continue after the death of Former Husband. However, the Settlement Agreement states, in pertinent part, "It is further agreement of the parties that the provisions of this agreement shall

inure to the benefit of, and be binding upon, the heirs, executors, administrators, and personal representatives of the parties hereto unless otherwise provided herein." (Appellant's App. p. 13). Therefore, we find this argument without merit.

modify the Settlement Agreement. Accordingly, we find that the trial court did not err in dismissing Former Wife's petition for modification.

### CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in granting Former Husband's Motion to Dismiss Petition for Modification.

Affirmed.

SHARPNACK, J., and BARNES, J., concur.