**Dianna S. (Lewis) BRODT,**
**Appellant–Petitioner,**

v.

**Steven M. LEWIS, Appellee–**
**Respondent.**

No. 03A01–0407–CV–293.

Court of Appeals of Indiana.

April 8, 2005.

G. Terrence Coriden, Coriden Law Office, Columbus, IN, Attorney for Appellant.

Steven M. Lewis, Columbus, IN, Pro Se.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner, Dianna S. Brodt (Brodt), appeals the trial court's denial of her Petition to Modify the Original Dissolution Decree, requesting the trial court to modify the educational support obligations

of Appellee–Respondent, Steven M. Lewis (Lewis).

We affirm.

## ISSUES

Brodt raises one issue on appeal, which we restate as follows: whether the trial court abused its discretion by refusing to modify the child support order to include an educational support order for the child's college expenses when the petition to modify was filed after the child turned twenty-one years of age.

## FACTS AND PROCEDURAL HISTORY

Lewis and Brodt were divorced on July 15, 1983. They had one child, Lindsey Jo Lewis (Lindsey Jo), who was born on January 4, 1983. The trial court adopted the parties' settlement agreement, which awarded custody of Lindsey Jo to Brodt and ordered Lewis to pay child support, in the dissolution decree. The settlement agreement also provided that "[i]t is further agreed by the parties hereto that the husband shall pay for one-half (½) of the child's school supplies, book rental and child care center expenses." (Appellant's App. p. 34).

In the of Fall of 2003, Lindsey Jo started attending Three Rivers Community College in Colorado. On January 4, 2004, she celebrated her twenty-first birthday. Thereafter, on January 27, 2004, Brodt filed a petition to modify Lewis' child support obligations, requesting support for Lindsey Jo's college expenses. On February 12, 2004, Lewis filed a motion to dismiss or, in the alternative, a motion to deny the petition to modify based on the trial court's lack of jurisdiction because Lindsey Jo had turned twenty-one prior to the filing of Brodt's motion to modify. On February 27, 2004, the trial court denied Lewis' motion to dismiss. On April 7, 2004, the trial court held a hearing on

Brodt's motion to modify. That same day, the trial court entered its Order finding, in pertinent part, that

. . .

2. the [c]ourt finding further by review of the record that the separation agreement entered on July 15, 1983 and made a part of the dissolution decree provided that in addition to child support [Lewis] was to pay one-half of the child's school supplies, book rental and childcare expenses and that said entry was modified in 1988 and in 1999 by modification order and that said entry in 1983 was made prior to the child support guidelines when it was the standard practice of the [c]ourt to enter additional payments in addition to child support. That adding those additional expenses cannot be construed as providing for educational expenses to be interpreted to be used for college expense modification.

3. the [c]ourt find there was no educational order entered prior to the child turning 21 years old and pursuant to law of the State of Indiana the petition to modify filed by the petitioner has not timely been filed and therefore cannot be addressed and is therefore denied as it related to adding educational expenses to [Lewis'] obligations.

4. that [Lewis'] support obligation is terminated as of the child attaining the age of 21 years.

(Appellant's App. pp. 12–3).

Brodt now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Standard of Review

Our standard of reviewing child support awards is well-settled. We begin

with the understanding that child support orders are generally within the sound discretion of the trial court. *Thacker v. Thacker,* 710 N.E.2d 942, 944 (Ind.Ct.App. 1999). We will reverse the trial court's child support order only where the determination is clearly against the logic and effect of the facts and circumstances. *Fields v. Fields,* 749 N.E.2d 100, 104 (Ind. Ct.App.2001), *trans. denied.* On appeal, we do not revisit weight and credibility issues but confine our review to the evidence while reasonable inferences favorable to the judgment are considered. *Id.*

■ Nevertheless, we note at the outset that Lewis did not file an appellee's brief in this case. Where the appellee fails to file a brief on appeal, we may in our discretion reverse the trial court's decision if the appellant makes a *prima facie* showing of reversible error. *See Ward v. Ward,* 763 N.E.2d 480, 481 (Ind.Ct.App. 2002). This rule was established for our protection so that we can be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id.*

## II. *Child Support Order*

Brodt now contends that the trial court abused its discretion by denying her petition to modify Lewis' child support obligations. Specifically, she alleges that since the parties' settlement agreement provided that Lewis was obligated to pay half of Lindsey Jo's school supplies and book rental, certain educational needs were included in the original support order. Because these educational needs were never terminated in the subsequent modifications for child support, Brodt maintains that the trial court could mandate Lewis to aid in defraying Lindsey Jo's college expenses even after she turned twenty-one.

■ Indiana Code section 31–16–6–2(a) provides that an educational support order may include amounts for the child's education in elementary and secondary schools and at institutions of higher learning, taking into account the child's aptitude and ability. However, it is clear that an educational support order cannot be imposed for an unlimited period of time. In this regard, Indiana Code section 31–16–6–6, provides for the termination of child support orders as follows:

(a) the duty to support a child under this chapter ceases when the child becomes twenty-one (21) years of age unless any of the following conditions occurs:

(1) [t]he child is emancipated before becoming twenty-one (21) years of age. In this case, the child support, except for the educational needs ... terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

(2) [t]he child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.

(3) [t]he child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and

(C) is or is capable of supporting himself or herself through employment.

In this case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist. However, if the court finds that the conditions set

forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially supporting himself or herself, the court may order that support be modified instead of terminated.

Considering this statute, our supreme court held that "[t]he statutory language is clear. Where educational needs are expressly included in a support order enacted prior to a child's emancipation or attaining age 21, the trial court is authorized to continue to address such educational needs." *Donegan v. Donegan*, 586 N.E.2d 844, 845 (Ind.1992) (quoting *Martin v. Martin*, 495 N.E.2d 523, 525 (Ind.1986)).

We recognize that the parties entered into a settlement agreement when Lindsey Jo was barely six months old, agreeing that Lewis would pay child support of $35.00 per week in addition to half of the costs for school supplies, book rental, and child care expenses. This agreement was subsequently modified in 1988 and 1999. During the latter modification, Lewis' support obligation was increased to $189.00 per week, and Lindsey Jo's clothing allowance was terminated. The order was silent as to any educational expenses. Then, in 2004, approximately three weeks after Lindsey Jo turned twenty-one, and one year after she had started college, Brodt filed another petition to modify, seeking an order for Lewis to contribute to Lindsey Jo's post-secondary educational expenses.

Typically, educational needs receive an expansive interpretation in the case law and generally includes, among others, tuition, books, lab fees, supplies, and student activity fees. *Sebastian v. Sebastian*, 798 N.E.2d 224, 230 (Ind.Ct.App.2003) (quoting *Warner v. Warner*, 725 N.E.2d 975, 978 (Ind.Ct.App.2000)). However, whereas the definition of educational needs clearly seems to be geared towards college life, our reading of the parties' 1983 settlement agreement appears to focus solely upon the costs related to elementary and secondary education where the charges for school supplies and book rental are more common than in post-secondary education. As included in the Commentary to Ind. Child Support Guideline 6, Extraordinary Expenses, regular elementary and secondary school expenses are covered by the basic child support obligation. Moreover, an educational support order is premature when a child is too young to assess her aptitude and ability, such as Lindsey Jo was at the time the agreement was made. *See* I.C. § 31–16–6–2; *Moss v. Frazer*, 614 N.E.2d 969 (Ind.Ct.App.1993). Of course, this does not preclude the parties from agreeing to payment of amounts in addition to the basic child support obligation. Nevertheless, here, based on the language in the original settlement agreement, we find the reference to school expenses to be of such a different type and magnitude than college expenses that college expenses could not have been contemplated by the parties as being part of the agreement. Therefore, we find that the 1983 agreement between the parties did not address Lindsey Jo's educational needs in the sense required for subsequently ordering payment of college expenses. *See* I.C. § 31–16–6–2.

Even assuming, *arguendo*, that the 1983 agreement addresses educational needs as contemplated by the statute, the subsequent modifications of the original settlement, extinguishing the disputed language, govern the conduct of the parties. In this regard, the record shows that neither the 1988 order nor the 1999 modification referenced educational expenses. Furthermore, our supreme court has noted that I.C. § 31–16–6–6(a)(1)

does not state that an order for educational needs "may be first initiated." The statute only provides that such order "may continue." The statute does not authorize adult children to use post-dissolution proceedings to finance the expenses of college commenced or resumed later in life.... The statutory language is clear. Where educational needs are expressly included in a support order enacted prior to a child's emancipation or attaining age 21, the trial court is authorized to continue to address such educational needs.

*Martin v. Martin*, 495 N.E.2d 523, 525 (Ind.1986). Thus, [w]hile a trial court may not first make an order for educational needs when the petition seeking such relief is filed *after* the child's emancipation or attaining twenty-one, it is authorized to complete consideration of petitions filed *before* emancipation or attaining twenty-one. *See Donegan*, 586 N.E.2d at 846. (emphasis added).

From the limited evidence before us, it is apparent that Lindsey Jo did not immediately enroll at Three Rivers Community College upon graduating from secondary school.[1] Therefore, since she commenced a college career later in life, and filed a petition to defray these expenses after turning twenty-one and because neither the 1988 order nor the 1999 modification referenced educational expenses, any order for payment of college expenses is a new order, not a continuation of an existing order. Accordingly, we hold that Brodt's petition, filed after Lindsey Jo turned twenty-one was untimely and the trial court appropriately declined to address her petition to modify.

*CONCLUSION*

Based on the foregoing, we find that the trial court properly denied Brodt's petition to modify the child support order to include an educational support order for the child's college expenses.

We affirm.

CRONE, J., concurs.

ROBB, J., concurs with separate opinion.

ROBB, Judge, concurs with opinion.

I write separately to emphasize that although parents are free to agree to payment of amounts in addition to the basic child support obligation, I believe any such agreement should be narrowly construed to avoid imposing on parents the obligation to pay expenses of a different type and magnitude than those to which they actually agreed. Any other construction would have a chilling effect on parents' willingness to agree to pay additional amounts for minimal elementary and secondary education expenses if they think that by so agreeing they may end up being "on the hook" for college expenses even if a petition to modify is not otherwise timely filed.

Subject to the above observation, I concur.

1. We acknowledge that while Lindsey Jo was not enrolled in school or college, Lewis continued to pay child support and did not attempt to have her emancipated.