**Frank J. VANCE, Appellant,**

v.

**David L. STAINBROOK, Marilyn Stainbrook, Hilbert Just, and Barbara Just, Appellees.**

**No. 72A01–0809–CV–416.**

Court of Appeals of Indiana.

March 23, 2009.

## ORDER

Appellees David and Marilyn Stainbrook ("Stainbrooks"), by counsel, have filed a Motion to Dismiss Appeal. Appellant Frank J. Vance ("Vance"), by counsel, has filed a Response to Motion to Dismiss Appeal, and the Stainbrooks have filed a Motion for Leave to File Reply to Appellant's Response to Motion to Dismiss.

The relevant facts are as follows. On February 21, 2006, Vance filed a complaint to quiet title and for damages from trespass against his neighbors the Stainbrooks. In April 2006, the Stainbrooks denied the allegations in Vance's complaint and filed a counterclaim against Vance in which they sought to have title to the disputed strip of property quieted to them based on adverse possession. In December 2006, Vance filed an amended complaint in which he added a claim for breach of the warranty of title against Hilbert and Barbara Just ("Justs"). The trial court held evidentiary hearings on October 9, 2007 and December 17, 2007. On December 17, 2007, the trial court bifurcated Vance's breach of warranty claims against the Justs. On February 5, 2008, the trial court issued an order in which it granted judgment in favor of the Stainbrooks on their adverse possession counterclaim and denied Vance's claims against the Stainbrooks.

On March 3, 2008, Vance filed a Motion to Correct Errors with the trial court clerk, but did not personally serve the trial court judge with a copy of the motion. The trial court did not rule on this motion, so Vance filed a motion for a hearing on his Motion to Correct Errors on May 12, 2008. On May 13, 2008, the trial court issued an order in which it noted that because Vance's Motion to Correct Errors had not been ruled on within forty-five days, pursuant to Ind. Trial Rule 53.3, the

motion was deemed denied. Vance filed his Notice of Appeal on June 11, 2008.

The Stainbrooks argue in their Motion to Dismiss that under Ind. Trial Rule 53.3(A), Vance's motion to correct errors was deemed denied on April 18, 2008, and because Vance did not file his Notice of Appeal within thirty (30) days of that date, his Notice of Appeal is untimely.

Vance notes that under Ind. Trial Rule 53.3(B)(1), the time limitation for ruling on a motion to correct errors does not apply when the party "has failed to serve the judge personally...." He contends that because he only served his Motion to Correct Errors on the trial court clerk and not on the trial court judge, the time limitation in Ind. Trial Rule 53.3(A) does not apply. Therefore, because he filed his Notice of Appeal within thirty days after the trial court issued its May 13, 2008 order denying his Motion to Correct Errors, his Notice of Appeal was timely.

■■■ Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Stainbrooks' Motion for Leave to File Reply to Appellant's Response to Motion to Dismiss is GRANTED.

2. Ind. Trial Rule 59(C) requires that when a motion to correct error is filed it must be served upon the trial court judge before whom the case is pending.

3. Under Ind. Trial Rule 53.3(A), when a trial court fails to rule on a motion to correct error within forty-five (45) days after the motion was filed, the motion is deemed denied, and any notice of appeal must be filed within thirty (30) days thereafter.

4. However, under Ind. Trial Rule 53.3(B)(1), the time limitation for ruling on a motion to correct error does not apply where "[t]he party has failed to serve the judge personally...."

5. This Court has previously stated:

The function of the motion to correct errors is to focus on important alleged errors to give the trial judge a closer perspective than might have been available during the regular course of the proceedings. The judge has a chance to reflectively consider the allegations of errors, make corrections if warranted, and perhaps thereby, foreclose the necessity of an appeal.

*Macken v. City of Evansville,* 173 Ind.App. 60, 62, 362 N.E.2d 202, 204 (1977). Given this, we conclude that the exception provided in Ind. Trial Rule 53.3(B)(1) is principally meant to benefit the trial court judge in that it gives a trial court judge who has not been served with the motion to correct error an opportunity to correct any possible errors and thereby possibly prevent the need for an appeal.

6. Ind. Trial Rule 53.3(B)(1) is not meant to provide parties like Vance who have failed to comply with Ind. Trial Rule 59(C) additional time to file a notice of appeal. Were we to allow Vance to benefit from Ind. Trial Rule 53.3(B)(1), we would be encouraging parties to not comply with Ind. Trial Rule 59(C).

7. "A party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct." *Countrymark Cooperative, Inc. v. Hammes,* 892 N.E.2d 683, 695 (Ind.Ct.App.2008), *trans. denied.* As such, Vance should not be allowed to benefit from his failure to comply with Ind. Trial Rule 59(C).

8. Therefore, we conclude that Ind. Trial Rule 53.3(B)(1) does not apply in this case. Pursuant to Ind. Trial Rule 53.3(A), because the trial court did not rule on Vance's Motion to Correct Errors, the motion was deemed denied forty-five (45) days after it was filed. Vance's Notice of Appeal was untimely because it was not filed within thirty (30) days after his Mo-

tion to Correct Errors was deemed denied. *See* Ind. Trial Rule 53.3(A).

9. The Stainbrooks' Motion to Dismiss Appeal is therefore GRANTED; therefore, this appeal is DISMISSED WITH PREJUDICE.

10. The Clerk of this Court is directed to mail copies of this order to the parties, the Honorable Roger L. Duvall, Judge Scott Circuit Court, the Scott Circuit Court, and to the Scott Circuit and Superior Courts Clerk.

11. This Order is designated as FOR PUBLICATION. The Clerk of this Court is DIRECTED to send copies of this Order to the Thomson/Reuters/West and Lexis Publishing Companies and to all other services to which published orders and opinions are normally sent.

12. The Scott Circuit and Superior Courts Clerk is directed to file this Order in Lower Cause Number 72C01–0602–PL–4 and, pursuant to Indiana Trial Rule 77(D), to place the contents of this Order in the Record of Judgments and Orders.

KIRSCH, J., SULLIVAN, SHARPNACK, Sr.J.J., concur.