**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT – INTERVENOR:
State of Indiana

**GREGORY F. ZOELLER**
Attorney General

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MATTER OF THE SUPPORT OF DAVID L. MINIICK, II, | ) | |
| | ) | |
| DAVID L. MINICK, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1109-DR-419 |
| | ) | |
| VICTORIA S. COX, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Stephen M. Sims, Judge
Cause No. 02D07-9101-DR-45

**April 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

The State of Indiana intervened, representing the interests of the State, in the child support action involving David L. Minick, I (Father), who is a voluntary Title IV-D participant, and Victoria Sue Cox (Mother), and pertaining to child support obligations for their child (the Child). The State presents the following consolidated and restated issue for our review: Did the trial court err by calculating a credit against Mother's child support arrearage and ordering a credit for a retroactive child-support obligation as to Father?

We reverse and remand.

On January 18, 1991, Mother filed a petition for dissolution of marriage from Father. Child was the only child born of the marriage. On July 1, 1993, the trial court temporarily modified custody to place the Child in Father's custody, terminated Father's child-support obligation, and entered an order requiring Mother to pay $44.00 per week in child support. On September 9, 1994, the trial court entered its decree of dissolution of marriage granting custody of the Child to Father and requiring Mother to pay $47.00 per week in child support.

Mother subsequently fell behind in her child-support obligation. On February 11, 2010, the State filed a motion to intervene and the motion was granted by the trial court. On May 3, 2010, the State initiated a contempt action against Mother. The trial court set the matter for a hearing to establish support, and then later entered an order emancipating the Child for purposes of child support and abating Mother's child-support obligation as of June 5, 2010.

The trial court held a hearing to determine the amount of Mother's child support arrearage and calculated that amount to be $34,739.26. Mother agreed that the decree of dissolution provided that Father had custody of the Child and that Mother was obligated to

2

pay support, but claimed that she was entitled to a credit against her child-support arrearage for periods of time during which the Child resided with her. Father disagreed with Mother only as to the amount of the credit. Mother admitted that she had never filed a petition to modify custody during the time periods when the Child resided with her.

On February 9, 2011, the trial court issued an order finding Mother to be in arrears in the amount of $34,739.26, but the parties continued to dispute the amount of the credit that Mother claimed. A hearing was held on May 11, 2011, during which Mother, Father, and the Child each testified about the time periods the Child had resided with Mother. On June 15, 2011, the trial court issued its order calculating the amount of credit to which Mother was entitled. More specifically, the trial court concluded that Mother was entitled to a credit of $47.00 per week for the 353 weeks the Child had lived with her. The trial court then found that during the 353 weeks the Child lived with Mother, Father should have paid Mother support in the amount of $47 per week for those 353 weeks. The total amount of credit given to Mother by the trial court's order was $33, 182.00, bringing the aggregate amount of Mother's child-support arrearage to $1,557.26.

On June 30, 2011, the State filed a motion to correct error challenging the calculation of the child-support arrearage credit and the determination that Father owed support to Mother during her parenting time with the Child, but did not personally serve the trial court with the motion. The trial court did not rule on the motion to correct error. On September 7, 2011, the trial court issued an order holding that the motion to correct error was deemed denied on August 1, 2011 and that the time for appeal had passed. The State filed a notice of appeal on September 13, 2011. Additional facts will be supplied where necessary.

3

As an initial matter, we note the disagreement between the State and the trial court regarding when the State's ability to appeal the trial court's June 15, 2011 order expired. The State did not personally serve the trial court with the motion to correct error as is required by Ind. Trial Rule 59(C). The trial court concluded in its September 7, 2011 order that the State's ability to appeal the trial court's order expired on August 1, 2011, the next business day following the thirty-day period after which the defectively served motion to correct error had been timely filed. The State, on the other hand, argues that the June 30, 2011 motion to correct error from the trial court's June 15, 2011 order was deemed denied on August 15, 2011, the next business day following the forty-five-day period after the motion to correct error was filed. The State contends that its September 13, 2011 notice of appeal was thus timely filed. The State also asserts that the trial court incorrectly concluded in its September 7, 2011 order that the time to file a notice of appeal had passed.

In *Vance v. Stainbrook*, 903 N.E.2d 143 (Ind. Ct. App. 2009), a motions panel of this court was faced with a very similar issue. In *Vance*, the trial court issued its order on February 5, 2008 against Vance. Vance filed a motion to correct error on March 3, 2008, but did not personally serve the trial court with the motion. On May 12, 2008, after the trial court had not ruled on Vance's motion, Vance filed a motion for a hearing on his motion to correct error. The trial court issued an order on May 13, 2008, in which it noted that because Vance's motion had not been ruled on within forty-five days, *see* Ind. Trial Rule 53.3, the motion was deemed denied. Vance filed his notice of appeal on June 11, 2008.

The Stainbrooks filed a motion to dismiss the appeal arguing that Vance's motion to correct error was deemed denied on April 18, 2008, and his notice of appeal filed on June 11,

4

2008, or after the thirty-day time period for appeal, was untimely. The motions panel in *Vance* noted that the purpose of T.R. 53.3(B)(1) (providing that the time limitations do not apply where the trial court has not been personally served) was "not meant to provide parties like Vance who have failed to comply with Ind. Trial Rule 59(C) additional time to file a notice of appeal." *Vance v. Stainbrook*, 903 N.E.2d at 145. The motions panel held that because the trial court did not rule on Vance's motion to correct error it was deemed denied forty-five days after it was filed. Because Vance's notice of appeal was not filed within thirty days of that deemed denial, it was untimely, and his appeal was dismissed.

We agree with the rationale set forth in Vance. Applying that rationale in the present case we conclude that the State's motion to correct error was timely filed on June 30, 2011 and although defectively served, was deemed denied on August 15, 2011. The September 13, 2011 notice of appeal is timely, as it was filed within thirty days of the deemed denial and therefore, we may consider the merits of the State's appeal.

We observe that Mother has failed to file an appellee's brief. When an appellee fails to submit a brief, we apply a less stringent standard of review with respect to the showing necessary to establish reversible error. *Zoller v. Zoller*, 858 N.E.2d 124 (Ind. Ct. App. 2006). In such cases, we may reverse if the appellant establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it. *Id*. We will not undertake the burden of developing legal arguments on the appellee's behalf. *Id*.

The State argues that the trial court abused its discretion when it denied the motion to correct error and abused its discretion by calculating the arrearage credits. A trial court has wide discretion to correct errors and to grant new trials. *Gregor v. State*, 646 N.E.2d 52 (Ind.

5

Ct. App. 1994). We will reverse the trial court's decision only for an abuse of discretion. *Id.* An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Id.* Our standard of reviewing child support awards is well settled. Child support orders are generally within the sound discretion of the trial court. *Brodt v. Lewis*, 824 N.E.2d 1288 (Ind. Ct. App. 2005). We will reverse the trial court's determination only where it is clearly against the logic and effect of the facts and circumstances. *Id.* "We do not revisit weight and credibility issues but confine our review to the evidence while reasonable inferences favorable to the judgment are considered." *Brodt v. Lewis*, 824 N.E.2d 1288, 1291 (Ind. Ct. App. 2005).

Ind. Code Ann. § 31-16-16-6 (West, Westlaw current through 2011 1st Reg. Sess.) provides that a trial court may not retroactively modify an obligor's duty to pay delinquent child support. Once support obligations have accrued, the trial court may not retroactively reduce or eliminate such obligations. *Whited v. Whited*, 859 N.E.2d 657 (Ind. 2007). Two exceptions to the rule against retroactive modification exist and occur when: (1) the "parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree, or (2) the obligated parent takes the child into his or her home, assumes custody, provides necessities, and exercises parental control for such a period of time." *Whited v. Whited*, 859 N.E2.d 657, 662 (Ind. 2007). In this appeal, the second exception is applicable.

Mother never filed a petition to modify support during the time periods when the Child resided with her, and the parties do not dispute that the Child resided with her for those

6

periods of time. After the trial court temporarily granted custody of the Child to Father while the petition for decree of dissolution was pending, the trial court terminated Father's obligation to pay child support. The final decree of dissolution provided that Father would have custody of the Child and that Mother would pay support.

The State does not challenge the trial court's determination that Mother was entitled to a credit against her arrearage, but does challenge the trial court's calculation. In particular, the State notes that the trial court gave Mother a credit of $6,909.00 against her arrearage for the August 1, 2005 through May 31, 2008, or 147-week time period. Then the trial court gave Mother a credit of $8,178.00 against her arrearage for the August 1, 2005 through November 30, 2008, or 174-week time period. It is clear that the trial court mistakenly applied a credit for the August 1, 2005, through May 31, 2008, time period twice. We reverse the trial court's calculation of child support arrearage credit in this regard and remand to the trial court to remove the credit of $6,909.00 and adjust the calculation because the State has shown prima facie evidence of an abuse of discretion. Mother should receive a credit against her child support arrearage of $47 per week for 206 weeks, not 353 weeks.

The State further argues that the trial court abused its discretion by concluding that Father should have paid child support to Mother at the rate of $47 per week for the periods during which the Child resided with her. Mother never sought a modification for child support when the Child lived with her, and there was no provision in the decree of dissolution to require Father to pay child support should the custody arrangement informally change by agreement of the parties. Thus, there was no legal basis for the trial court to grant such a credit. It is the obligated parent who is relieved of his or her burden under a child

7

support order, when as here the obligated parent exercises such control of the child that a permanent change of custody has in effect occurred. *In re Marriage of Jackson*, 682 N.E.2d 549 (Ind. Ct. App. 1997). The appropriate recourse for the obligated parent in such a situation is to seek modification of child support.

Additionally, the trial court determined that Father should have paid the same amount of child support to Mother as Mother paid to Father, $47.00 per week, without inquiring into Father's weekly gross income, subject to certain adjustments. *See* Ind. Child Supp. G. 3. Retroactive modification of support is erroneous if the modification relates back to a date earlier than when a petition for modification is filed. *Reeves v. Reeves*, 584 N.E.2d 589 (Ind. Ct. App. 1992). Here, no such petition was filed and the retroactive modification of support was erroneous.

We remand this matter to the trial court with instructions to remove the duplicate credit of $6,909.00 against Mother's child support arrearage. Mother should receive a credit against her child support arrearage of $47 per week for 206 weeks, not 353 weeks, for a total credit of $9,682.00, and the trial court should adjust the calculation accordingly. Furthermore, we instruct the trial court to remove the credit of $16,591.00 that erroneously was applied against Mother's child support arrearage for periods during which the Child lived with Mother, as Mother did not pursue a petition for child support modification.

Judgment reversed and remanded with instructions.

MAY, J., and BARNES, J., concur.

8